JUDGE DUVALL
delivered the opinion of the court:
Raymond claims to have purchased the land in contest under an alleged decree of the Harrison circuit court, which, he contends, was rendered at the September term, 1840, in a suit in chancery, brought by Barker and others against Ross and others.
The evidence relied upon as establishing the fact that such decree, in the suit mentioned, was rendered, consists of a writing which was found among the papers of that suit, proved to have been in the hand-writing of the attorney, and purporting to be a decree of the court directing a sale of the land which the complainants were seeking to subject, appointing a commissioner to make the sale upon the terms prescribed, and requiring him to report his proceedings. It appears, however, that this paper was not entered of record as part of the proceedings *67 in the case, nor was it even noticed or referred to as a decree or order of court in the minute book kept by the clerk; nor does the paper contain any memorandum or indorsement indicating that it had ever been filed as a part of the record.
The question to be decided upon these facts is, whether there was a valid decree directing a sale of the land, and whether the sale made by the commissioner, and the subsequent proceedings, were such as to invest the purchaser with title.
That the paper relied upon as a decree must be regarded as wholly ineffectual for any purpose, is, in our judgment, perfectly clear.
The decrees, judgments, and orders of our courts are required to be drawn up and recorded by the clerk, on the evening of each day, and if found correct, they are to be signed by the presiding judge or justice of such court. (Statute Law, 329.) When so drawn up, recorded, and signed, they constitute a part of the records of the court, permanent and conclusive, for the preservation and perpetuation of which the most scrupulous care and vigilance is demanded of the officer having them in charge. In this abiding form, and with the various safeguards which the law has wisely thrown around them, the records of the courts are made the sure tests of the truth of what they contain, and which cannot be denied or contradicted; and upon the integrity with which they are made and preserved, depend, in a great measure, the most valuable rights of every citizen.
It certainly would be unnecessary for us to enlarge upon the consequences which would inevitably result, if a mere fragment of a writing, found among the papers of a cause, after the lapse of fifteen years, should be allowed, by parol proof, to be established as a final judgment or decree of court, and to acquire, by such means, the effect and verity of a judicial record. Such a rule would strike at the very foundations upon which rest the security of property and the repose of society. It cannot be tolerated.
It is true, as argued by the appellants, that the record may be amended, in certain cases; but there must invariably be something to amend by. The effort in this case is not, however, to amend the record, but actually to establish a record which has *68 no existence by proof of extraneous facts. None of the numerous authorities referred to have any application to the real question which this record presents.
Without noticing the various other points made in the argument, we feel satisfied, after a careful consideration of the record, that Raymond’s purchase invested him with no title, and that no error has been committed to the prejudice of the appellants.
The judgment is therefore affirmed.