Johnson, J.
Much of the argument of counsel as well as the judgment of the courts below, is on the assumption that Elizabeth Smith, the widow, took under the will of her husband, John D. Smith. This necessarily involves a construction of the *465 will, in order to determine the widow’s rights thereunder, and the rights of her representatives.
If, however, the widow did not take under the will, expressly as prescribed by the statute, or impliedly by such acts as would have estopped her from denying such election, then she takes under the law. If the latter is the case, it becomes immaterial to inquire what the will would have given her, had she taken under it. If she did not take under the will, the law fixes her rights.
If any provision is made by will for a widow of the testator, it is the duty of the probate court, to forthwith, after the probate of the will, issue a citation to the widow, to appear and make her election, whether she will take such provision, or be endowed of the lands of her husband. This election is to be made within one year from the date of service of the citation upon her. It must be made in person, and in the probate court, except where a commission is authorized to take such election. It is to be made after ah explanation of her rights under the will, and under the law in the event of her refusal, and is to be made a matter of record.
“ If the widow shall fail to made such election, she shall retain her dower, and such share of the personal estate of her husband as she would be entitled to by law, in case her husband had died intestate leaving children.” To determine the matters in controversy, we must first ascertain whether Elizabeth Smith took under the will, or under the law.
That she was not cited before the probate court, nor her election made a matter of record, is conceded. She died before the time had expired in which she could have elected.
She alone could elect. It is a personal right. Neither her administrator nor her heirs could make it.
But it is claimed that, although she did not elect as prescribed by statute, yet she in fact did so elect, and that her rights depend on the terms of the will. This claim is that the facts agreed on show such an actual election as would have estopped her, had she lived, from claiming under the law.
The facts relied on for this purpose are, that during the time she survived her husband, some five months, no administrator *466 was appointed, nor was any claim made for dower ; that she paid the debts and funeral expenses ; that there was left some $8,000 in cash, which she deposited in bank in her own name, and that she took and retained possession of the personal property of her husband, consisting of stock on the farm, farming utensils and other chattels. She did not attempt, to convert any of this property to her own use, nor place it beyond the reach of an administrator of her husband’s estate, when one should be appointed. Indeed, every dollar of the assets, as appears by the agreed statement, which remained after payment of debts and funeral expenses, remained at her death within the reach of the representatives of her husband. The will gave her a power of sale of the personal property, and the rights to the proceeds of the farm, and an absolute disposal of $650, the amount received from her father’s estate, yet she exercised none of these rights.
The acts relied on are by no means conclusive. They are not inconsistent with an intention to elect, when cited, to take under the law. They are such acts as would preserve the estate intact for that purpose. This may have been the intention of the widow. •
While they tend to prove that she was acting under the will, they are not so inconsistent with her rights under the law as to estoja her from claiming under the law, especially when only a few months had elapsed since her husband’s death, and there was no personal representative of the estate. It can hardly be claimed that, had she been cited to appear before the court to make her election, after doing these acts, she would have been denied her election.
In order that acts of a widow shall be regarded as equivalent to an election to waive dower, it is essential that she act with a full knowledge of all the circumstances and of her rights, and it must appear that she intended, by her acts, to elect to take the provision which the will gave her. These acts must be plain and unequivocal, and be done with a full knowledge of her rights and the condition of the estate. A mere acquiescence, without a deliberate and intelligent choice, will not be .an election. 1 Lead. Eq. Cas. title “ Election *467 Anderson's Appeal, 36 Penn St. 476, 496; Bradford v. Kent, 43 Penn. St. 474; English v. English, 5 Green Ch. 504; O'Driscoll v. Koger, 2 Desaus. 295 ; Wake v. Wake, 1 Vesey, Jr. 335 ; Reynard v. Spence, 4 Beav. 103; Tooke v. Hardeman, 7 Geo. 20 ; Dixon v. McCue, 14 Gratt. 540.
It is believed no case can be found where the facts are held sufficient to amount to an election to waive the widow’s rights under the law, unless they are of such a marked character and of such long duration as will clearly and distinctly evince' a purpose to take the provisions of the will, and to operate as an effectual equitable bar to dower.
Thus, where real estate was devised to a widow for life, remainder in fee to her sons, and she in fact took under the will and occupied the premises for more than sixteen yearns, .-she was estopped to deny her election. Thompson v. Hoop, 6 Ohio St. 480.
So in Bradford v. Kent, 43 Penn. St. 474, it was held that where a widow, with full knowledge of the value and character of her husband’s estate, receives the provision made for her in his will, she cannot, after seventeen years, claim that she did not intend to relinquish her dower.
In Stilley v. Folger, 14 Ohio, 610, it was held that the act of taking possession of the prouerty within the time limited for making the election was not an election under the will.. Indeed, it is said in that case, that the only mode of proving an election is by the record, unless the record is lost or destroyed. This decision seems at variance with . Thompson v. Hoop, supra, and numerous other cases, where an estoppel in pais was proven and held effectual; but, as applied to the facts of the case then before the court, where the acts relied on to create an estoppel were within the time limited by law for an election before the court, and when such acts did not amount to an actual conversion of the property, there is no inconsistency. In all the cases in which it is held that an implied election bars dower, the acts relied on are long continued, unequivocal, and inconsistent with the claim for dower. Reed v. Dickerman, 12 Pick. 146 ; Delay v. Venal, 1 Met. 67; Upshaw v. Upshaw, 2 Hen. & Munf. 381; Ambler v. *468 Norton, 4 Hen. & Munf. 28; Clay v. Hart, 7 Dana, 1; Craig v. Walthall, 14 Gratt. 518.
We conclude, therefore, that the acts relied on as an election are not such as -would have estopped her, had she oeen cited as the law requires, from making her election in court after a full explanation of her rights under the will. These acts were within the time the statute gave her to choose, and they are not such as in equity creates an estoppel.
The widow must, therefore, be deemed to have failed to make her election to take under the will. In such a case, the statute says she shall retain her dower and such share of the personal estate of her husband as she would be entitled to had her husband died intestate, leaving children.
The judgments of the courts below must, therefore, be reversed, and a judgment rendered in accordance with the foregoing decision.
II. As to the real estate :
The failure of the widow to take, under the will, left the real estate to vest in the devisees of the estate in remainder, subject to the widow’s dower. Her death terminated her right to have dower assigned, or to claim any share of the accruing rents and profits. The will directs that the residue of the estate be distributed to the testator’s heirs in such ■portions as his wife may direct by will or otherwise. She 'died without exercising this power. Having failed to make such distribution, the devise takes effect in favor of each of the heirs or his legal representatives in equal shares. As the real estate vested in the residuary devisees, the rents and profits accruing after the testator’s death vest in them also. This settles the right to the proceeds of the sale of the crop of corn. As between the personal and legal representatives of John D. Smith, it belongs to the latter, but as the plaintiffs in error have no interest in this claim, the judgment of the court below in regard to this item is left undisturbed.
These heirs are the defendants in error in the second above case. This judgment is therefore affirmed.