## Lodge, et al. v. Williams, et al.

(Decided June 13, 1922.)

### Appeal from Allen Crcuit Court.

1. Judgment—Rule That Judgment on a Matter Outside of the Issues is a Nullity Does Not Apply to Consent Judgments.—As the parties to a suit in a court of general jurisdiction may agree as to the subject matter of their litigation, and thereby waive the objection that the issue was not embraced by the pleadings, the general rule that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity does not apply to judgments entered by consent.

2. Judgment—Consent Judgment Conclusive—Consent Judgment Can Only Be Vacated for Fraud or Want of Consent.—A judgment by consent is as binding on the parties as if it had been rendered after trial on the merits, the only difference being that a judgment by consent is not appealable, and can only be vacated for fraud or want of consent.

3. Judgment—Validity of Judgment Releasing Expectancy.—Though prospective heirs may not make a valid conveyance of their expectancy in an uncle's estate, yet a consent judgment releasing their expectancy, rendered by a court having jurisdiction of the parties and the subject matter, is valid and binding on the parties, and cannot be set aside except for fraud or want of consent.

GEORGE H. GALLOWAY and JOHN B. RODES for appellants.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Raleigh Sears, Sam Sears and Robin L. Sears, three bachelor brothers who lived in Allen county, were partners under the firm name of S. W. Sears & Bros. They owned considerable personal property and several farms, but there was doubt as to whether some of the farms were owned by them individually or by the partnership.

On November 18, 1916, Raleigh Sears died intestate, leaving as his only heirs-at-law his brothers, Sam Sears and Robin L. Sears, and the children and grandchildren of his deceased sister, Mrs. Lodge.

On November 29, 1916, Sam Sears died, leaving a will by which he devised all of his estate to his surviving brother, Robin L. Sears. There was considerable doubt as to the competency of Sam Sears to make a will.

Shortly after the death of Sam Sears, the Lodge heirs instituted a suit in the Allen circuit court, contesting his will on the ground of undue influence and mental inca-

pacity. They also brought another suit against Robin L. Sears to have him declared incompetent to manage the estate and have the estate placed in the hands of the master commissioner. About the same time Robin L. Sears brought suit against Florence Williams and others for the purpose of selling the property of Sears Bros., settling the partnership and distributing the estates. On April 25, 1917, the rights of the parties were finally compromised by an agreed judgment which, in addition to dismissing the will contest and the proceeding to have Robin L. Sears declared incompetent to manage the estate, and giving to Emma Morris, Joe Lodge, Ernest Lodge and Grovie Lyles one-third of the proceeds of all the property belonging to the three Sears brothers, contained the following provisions:

"It is the judgment of the court and the agreement of all the parties that for and in consideration of the said Emma Morris, Joe Lodge, Ernest Lodge and Grovie Lyles, receiving the one-third of said estate as above set forth, that this is a full and final settlement of their entire interest in any and all property, personal, real or mixed, belonging to the estate of Raleigh Sears, or S. W. Sears and the interest in all the property of R. L. Sears, or to their mother, T. A. Lodge, in any of the property above described, and it is further agreed and made a part of this judgment that the said Emma Morris, Joe Lodge, Ernest Lodge and Grovie Lyles, accept said amount in full and final settlement of all claims they have against said estate or against R. L. Sears, in said estate or interest in said estate and a full settlement of any claims whatever they may have against the plaintiff, R. L. Sears, and in full satisfaction of any interest whatever they may have now or hereafter have in the property of the said R. L. Sears, and they relinquish all claims against the property of R. L. Sears now and hereafter, and it is agreed by them that after the death of the said R. L. Sears, they will not claim any interest whatever in his estate or bring or prosecute any suit to litigate in any way over his said property or the property of his estate and they accept said one-third interest in the above described property in full settlement of any and all claims they may have against the firm of S. W. Sears & Bros., or against any member of said firm. It is further agreed by the said Emma Morris, Joe Lodge, Ernest Lodge and Grovie Lyles, and made a part of this judgment that for and in

consideration of the amounts of money hereabove ordered to be paid to them, that they will not in any way contest any will that R. L. Sears may have now or may hereafter make or may have at the time of his death or any deeds he may hereafter execute to any person, or will in any way interfere with any disposition of his property that he may make. It being understood that in this division herein made it is to include all the property of Raleigh, S. W. and R. L. Sears.''

Thereafter the property was sold and the proceeds distributed in accordance with the judgment, each of the Lodge heirs above mentioned receiving several thousand dollars.

Robin L. Sears died testate in February, 1920.

On April 29, 1920, Joe Lodge, Ernest Lodge and Mrs. Grover Crawford brought suit against Florence Williams, R. T. Williams and Hubert Gillock to set aside so much of the agreed judgment as deprived them of their expectancy in the estate of Robin L. Sears on the ground that that portion of the judgment was entered without authority, and on the further ground that it was void. The defendants denied the allegations of the petition and pleaded estoppel and laches. Evidence was heard and, on final submission, plaintiffs were denied the relief prayed for and they appeal.

We have carefully considered the evidence bearing on the question, and have reached the conclusion that it fully sustains the finding of the chancellor that the agreed judgment was entered by the authority and with the consent of appellants.

The contention that so much of the agreed judgment as deprived plaintiffs of their expectancy in their uncle's estate was void is based on the claim that no such issue was raised by the pleadings, and on the further claim that as the parties themselves could not enter into a valid agreement releasing their expectancy, the court could not render a valid judgment accomplishing the same result.

As the parties to a suit in a court of general jurisdiction may agree as to the subject matter of their litigation, and thereby waive the objection that the issue was not embraced by the pleadings, the general rule that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity, does not apply to judgments entered by consent. Cecil v. Cecil's Exrs., 185 Ky. 787, 215 S. W. 794; 15 R. C. L., p. 643. As the judgment in

question was entered by consent, it follows that the court had the power to adjudicate the issue, though it was not raised by the pleadings.

It may be conceded that under the rule prevailing in this state, plaintiffs could not have made a valid conveyance of their expectancy in their uncle's estate. Hunt v. Smith, 191 Ky. 443, 230 S. W. 936, 17 A. L. R. 588, but it does not follow that the court was without power to do that which the parties themselves could not do. There is a wide difference between the binding effect of a mere contract and the binding effect of a judgment declaring the contract to be valid. The contract may be invalid, and, therefore, one that the court should not enforce, but if the court has jurisdiction of the parties and subject matter, and adjudges that the contract is valid, the judgment is not void but merely erroneous, and is binding on the parties and their privies until reversed or vacated in the manner provided by the Code. Torian v. Caldwell, 167 Ky. 670, 181 S. W. 373; Houser v. Paducah Land Co., 157 Ky. 252, 162 S. W. 1113; Fourniquet v. Perkins, 7 Howard 160, 12 L. Ed. 650; 15 R. C. L., p. 957.

It is true that the judgment in question was entered by consent, but it was just as binding on the parties as if it had been rendered after trial on the merits, Williams, et al. v. Sears, et al., 186 Ky. 576, 217 S. W. 667, the only difference being that a judgment by consent is not appealable, and can only be vacated in certain circumstances for fraud or want of consent. 15 R. C. L., p. 646; Bosworth v. Ky. Highlands R. Co., 183 Ky. 794, 210 S. W. 671; Schmidt v. Oregon Gold Mining Co., 28 Ore. 9, 40 Pac. 406, 52 A. S. R. 759; Jarboe v. Smith, 10 B. Mon. 257, 52 Am. Dec. 541; Bank of Glad Springs v. McEwen, 160 N. C. 414, 76 S. E. 222, Ann. Cas. 1914C, 542. No fraud having been proved, and the evidence being insufficient to show want of consent, the judgment cannot now be set aside.

Judgment affirmed. Whole court sitting.