## Louisville & Nashville R. R. Company v. Wood.

(Decided March 20, 1923.)

### Appeal from McLean Circuit Court.

1. Railroads—Evidence Held not to Require Division of Damages from Flood 25 Days After Federal Control Ceased.—In an action for damages caused by a flood 25 days after federal control of railroads had ceased, where the evidence showed the damage resulted from ties which had been left on the right of way obstructing a culvert, it was a question for the jury whether the railroad company was negligent in permitting them to remain after the termination of federal control, so that the case was not one which necessarily called for a division of damages between the railroad company and the Director General.

2. Appeal and Error—Contention as to Measure of Damages not Considered Without Exception or Requested Instructions on that Ground.—An objection that it was error to render judgment against a railroad company for the full amount of damages caused by a flood 25 days after the federal control of railroads had ceased af-

fects the measure of damages only, and cannot be raised on appeal, where defendant offered no instruction on that point, and took no exception to those given by the court.

3. Appeal and Error—Omissions From Bill of Exceptions Must be Saved by Plaintiff's Bills.—Appellant cannot complain on appeal that matters were omitted from a bill of exceptions which was certified by the judge of the lower court, and was to all appearances regular; its remedy, if it was aggrieved by the action of the court in that respect, being to save the point by a bystanders' bill of exceptions.

4. Waters and Water Courses—Evidence Held not to Show Flood was too Remote Consequence from Leaving Ties on Right of Way.—Evidence that some of the ties left on a railroad right of way were not on the embankment, but were in the bottom and on the side of the ditch, shows that one could reasonably anticipate they would be washed into the ditch and obstruct a culvert, so that the railroad company was not entitled to a directed verdict on the ground that a flood resulting from the obstructed culvert, was not the proximate consequence of their negligence in having the ties where they were.

5. Judgment—Recital in Consent Judgment Held not to Release Claim for Future Damage to Household Goods.—A recital in a consent judgment against a railroad company that the amount of the judgment was in full settlement of all damages to the property, both present and prospective, and a covenant running with the land for that purpose applied only to injuries to the land, and did not relinquish a claim for subsequent injuries to household effects from a flood caused by the railroad's negligence.

6. Damages—Evidence Held not to Show Failure to Minimize Damages to Household Goods.—In an action against a railroad company for damage to household goods resulting from a flood, evidence held not to show a failure by plaintiff to make the proper efforts to minimize his damages by removing the goods from danger.

B. D. WARFIELD and SANDIDGE & SANDIDGE for appellant.

R. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

H. B. Wood sued the Louisville & Nashville R. R. Co. for damages to his household effects, alleging that it had a culvert under its track near his residence; that prior to April 15, 1920, it negligently permitted cross ties to lie upon its right of way in proximity to the culvert, and that during a rain on that day they were washed down and into the mouth of the culvert and that

it was thereby dammed, and the water was caused to back up and flood his residence. This was traversed and various issues raised by affirmative pleas.

A jury trial resulted in a verdict of $600.00 for the plaintiff, and from a judgment in conformity thereto the appellant has appealed, assigning many reasons for reversal.

It appears that the railroad had been under federal control and was returned to its owner on March 20 previous. In an amended petition plaintiff stated these facts, and made John Barton Payne, Agent of the President, a party defendant, and alleged that he had negligently permitted the ties to remain on the right of way in close proximity to the culvert some time prior to the date the road was returned, and his negligence was continued by defendant as above set out, and sought a recovery against both defendants.

On motion of appellant this amended petition was stricken from the record, and it is now urged as error that the judgment was rendered against it for the full amount of damages when in no event was it liable for more than its *pro rata* part.

It will be observed that it was in possession of the road for twenty-five days, and it was for the jury to say whether the ties were at the place alleged, and if so whether the defendant was negligent in permitting them to remain, and we are not prepared to say that it was a case that calls for a division of damages. If so it is a question that affects the measure of damages only, and as appellant offered no instruction on this point and took no exception to those given by the court, it cannot raise that question in this court.

Appellant complains as to matters not appearing in the bill of exceptions. The bill as presented was certified by the judge of the lower court and is to all appearances regular. If appellant felt aggrieved by the action of the court in this respect, it should have saved the point by a bystander's bill of exceptions.

It claims that if any cross ties were on the right of way they were lying upon the side of the embankment and at a place where no one could reasonably anticipate them being washed into the ditch or culvert; that if such act constituted negligence it was too remote to fix liability upon the company, and that a peremptory instruction

should have been given for it, and a number of cases are cited in support of its position. While a sound principle of law we do not think it fits the facts of this case. It is shown by the evidence that two ties and a piece of time dammed the mouth of the culvert. There is some evidence to the effect that prior thereto there were ties in the bottom and on the side of the ditch, and while appellant denied this and endeavored to prove that if the ties were permitted to lie anywhere they were upon the embankment, this formed an issue of fact and the court properly submitted the issue to the jury based on the hypothesis that the ties doing the injury were in fact lying on the side and in the bottom of the ditch.

It is seriously urged that the court erred in sustaining a demurrer to the second paragraph of the answer in which it pleaded that the plaintiff purchased his property from S. P. Drake, who in the year 1912 brought a suit against appellant for injury to the same real estate, arising from the same causes and in which an agreed judgment was entered in Drake's favor for $75.00, it being recited in the judgment that it was in full settlement of all damages to the property, both present and prospective, and a covenant running with the land for that purpose.

A contract to relieve a person of the consequences of future negligent acts has been held to be against public policy, but passing that question it is clear that this contract applied only to injuries to the land and did not apply to the personal effects of the plaintiff.

We cannot say that plaintiff did not make proper efforts to minimize his damages. He had just moved into the house, and his clothing, household effects and bed clothes were in boxes on the floor. He also had a large quantity of corker, a powder used in automobile tires, enclosed in paper bags, setting on the floor. He says that he undertook to remove these articles as soon as he perceived the danger, but did not have time to get them out of the way, and there is no evidence to the contrary. The water raised fourteen inches on the floor and the articles mentioned were practically ruined. The damages do not seem to be excessive.

Judgment affirmed.