## Louisville & Nashville Railroad Company v. King, Drainage Commissioner of Ohio County.

(Decided June 1, 1926.)

(Modified, December 17, 1926.)

### Appeal from Ohio Circuit Court.

1.   Compromise and Settlement—Answer that Landowners in Drainage District Refrained from Filing Exceptions to Assessment Against Railroad in Consideration that Railroad would let Dredge Through Right of Way Without Expense Held Not Demurrable for Failure to Show that Landowners had Authority to Compromise (Ky. Stats., Section 2380-13).—In railroad's action under Ky. Stats., section 2380-13, against drainage commissioner to recover expense

of letting dredge through right of way, answer that landowners in drainage district refrained from filing exceptions to assessment against railroad, in consideration that railroad would let dredge through right of way without expense, held not demurrable, in that it did not appear that they had authority to "compromise," where answer, though not setting out names of all of landowners, used general expression, "and others then and now owning land within district and entitled to object to such assessment."

2. Attornew and Client.—Railroad's Attorneys Held Authorized to Bind Company by Compromise with Landowners of Drainage District.—Railroad's attorneys held authorized to bind company by compromise with landowners of drainage district, whereby railroad was to allow dredge to pass through right of way and landowners were to refrain from filing exceptions to assessment against railroad.

3. Pleading—Answer Alleging Compromise Between Landowners in Drainage District and Railroad, Whereby Former were to Refrain from Objecting to Assessment Against Latter which Did Not Specifically Allege that Exceptions were Not Filed, if Defective, Held Cured by Judgment (Ky. Stats., Section 2380-13).—In railroad's action against drainage commissioner under Ky. Stats., section 2380-13, to recover expense of letting dredge through right of way, answer that railroad agreed to allow dredge to pass through right of way if landowners refrained from objecting to assessment against railroad, which did not specifically allege that exceptions were not filed or that assessment was not raised, though such allegations were made in substantial way, if defective, held cured by judgment upholding such agreement.

4. Drains.—Railroad which Opened Tracks to Allow Dredge of Drainage District to Pass Through Right of Way, Held Entitled to Recover Only Actual Expenses Incurred by Opening Tracks in Absence of Compromise (Ky. Stats., Section 2380-13).—Railroad company, under Ky. Stats., section 2380-13, held entitled to actual expenses incurred by opening tracks to allow dredge of drainage district to pass through right of way in absence of compromise, but not entitled to include any part of expense of putting in new bridge or strengthening or enlarging old one.

5. Compromise and Settlement.—Instruction Held to Submit Question Whether Compromise of Railroad's Claim for Letting Dredge Through its Right of Way was Made with Landowners of Drainage District (Ky. Stats., Section 2380-13).—In action by railroad against drainage commissioner under Ky. Stats., section 2380-13, to recover expense of opening tracks and letting dredge through right of way, in which defendant pleaded compromise with landowners whereby railroad agreed to let dredge through without charge, instruction held to have properly submitted question whether compromise was made.

6. Compromise and Settlement.—Compromise Between Landowners in Drainage District and Railroad Company, by Which it Agreed to Let Dredge Through Right of Way Without Cost, Held Binding

on All Parties.—Compromise by which landowners in drainage district agreed not to file exceptions to assessment against railroad, and railroad agreed to open tracks and let dredge through right of way without cost, held binding on all parties.

A. D. KIRK and WOODWARD, WARFIELD & DAWSON for appellant.

BARNES & SMITH for appellee.

Opinion of the Court by Judge Sampson—Affirming.

When appellant, Louisville & Nashville Railroad Company, sued S. L. King, drainage commissioner, in the Ohio circuit court, to recover $1,061.58, alleged to be due it under section 2380-13, Kentucky Statutes, as "actual expenses incurred by the railroad company for opening its tracks," to allow a floating dredge used in the construction of the drainage district to pass through the right of way, the drainage commissioner denied his liability for the claim, and by a second paragraph of his answer, in substance, pleaded that after institution of the proceeding for the establishment of the public ditch through the drainage district known as Roy Muffett, and after the report of the viewers, classifying and fixing the assessments of property in the district subject to taxation for the construction and maintenance of the ditch, including the appellant, Louisville & Nashville Railroad Company, for benefits, had been filed in the proceeding then pending in the Ohio county court, and after the viewers had reported the assessment for benefits against the L. & N. Railroad Company in the proceeding on account of the proposed construction of said ditch in accordance with the judgment of the court in the proceedings in the sum of $2,000 00, and before the assessment had been finally determined and fixed by the court, and before the expiration of the time allowed by law to the property owners in which to file exceptions, and while the owners of property in the drainage district were contemplating the filing of exceptions to the report of the viewers fixing the assessment against the appellant, railroad company, at $2,000.00 for the benefits derived from the construction of the ditch as inadequate and insufficient and not equal to the benefits derived by the railroad company on account of the improvements, the commissioner and other persons interested in the ditch and the owners of land situated in the district, met at the court-

house in Hartford, on March 21, 1921, in answer to process of the court duly executed upon them, for the purpose of filing and each desired to file exceptions to the viewers' report in the proceedings classifying and fixing the assessment of landowners, including the appellant railroad company, for assessment on account of the construction of the proposed proceeding, and particularly the portion of the viewers' report in the proceeding fixing the assessment for benefits against the railroad company at $2,000.00, or at any sum less than $5,000.00, and did then and there propose and intend immediately to file in the proceeding exceptions, and asked that the assessment of the railroad company be increased from $2,000.00 to $5,000.00, whereupon the railroad company, through and by its attorneys, then and there, representing it in the proceeding, mutually agreed with the parties to and interested in the establishment of the ditch, including those who own land and were assessed for benefits, that if such parties and none of them would file exceptions to the report of the viewers asking that the assessment for benefits against the appellant railroad company be increased from $2,000.00 to $5,000.00, or increased at all; and further that such person would not ask the court to require appellant railroad company to remove its trestle on which its railroad track rested over and across an arm of the ditch known as North fork of Adams fork, and an arm of the ditch known as Stevens creek, in order to permit the construction of the ditch; nor require the company to incur any expenses at its trestle No. 32 before November 1, 1921, that it would remove its track, trestle, ties, stringers and obstructions over and across the ditch at trestle No. 32, and permit the dredge boat to pass, in the construction of the ditch, through the right of way of the railroad company without expenses to the drainage district or to any of the landowners therein, and that all the landowners and persons interested in the drainage district then and there immediately accepted the proposition of the railroad company so made, and agreed with the railroad company not to file exceptions to the report of the viewers on any of the grounds mentioned above, or for any reason, and agreed with them that they would not require the trestle of the railroad company to be removed from the North fork of Adams creek or from Stevens creek, and would not require the railroad company to begin work on the removal of its tracks or trestle No. 32 until November 1st, and, in fact, agreed to each

and all of the terms proposed by the railroad company, and in pursuance to that agreement did not file exceptions to the report, or do any of the other things which they agreed to refrain from doing, and that by reason of their failure to file exceptions the county court was, without objection, allowed to and did adjudge the assessment against the railroad company for benefits at $2,000.00, and made an order with respect to the time when the railroad company should remove its tracks at trestle No. 32, and also governing their conduct at other points upon the drainage ditch, all to the satisfaction of the railroad company, all of which was pleaded and relied upon by the commissioner of drainage and the landowners in the drainage district in bar of the right of the railroad company to recover the actual expense incurred by the company in opening its tracks at trestle No. 32, as provided in section 2380-13, Kentucky Statutes, to which we have referred.

There was filed as an exhibit with the amended answer a certified copy of the judgment rendered by the Ohio county court on May 2, 1921, which, as appears from the record, as well as from the judgment itself, was an agreed one pursuant to the understanding reached by all parties concerned at the meeting on March 21, 1921. Plaintiff's demurrer filed to that pleading was overruled, to which it excepted. By reply it controverted the alleged agreement of the parties in the conference on March 21, 1921, but it nowhere sought to impeach the judgment rendered by the Ohio county court, a copy of which, as we have said, was filed as an exhibit with the answer. Appropriate pleadings made the issues and upon trial before a jury a verdict was returned in favor of defendant, followed by a judgment dismissing the petition, to reverse which plaintiff prosecutes this appeal.

The chief, and what we regard the only material grounds urged for a reversal of the judgment are: (1), That the court erred in admitting extraneous testimony to prove what occurred at the conference on March 21, 1921, when it is shown that all of such agreements, understandings and negotiations then had were afterwards merged in the county court judgment of May 2, 1921, and that such testimony is not admissible to impeach that judgment, since it will be conclusively presumed that all such agreements, negotiations and understandings were merged therein; and (2), that attorneys for plaintiff had no right to enter into such pleaded agreement without

specific authority from their client, the plaintiff, and that no such authority was given or attempted to be proven.

We are disposed to agree with counsel for plaintiff as to their contention made in both of those grounds. It is a universally established doctrine that prior negotiations to a written contract are merged in the contract when afterwards made, and, *a fortiori,* does the same rule apply with reference to judgments entered by agreement of the interested parties. For domestic cases bearing upon the proposition, see Raymond v. Smith, 1 Met. 65, and Ewell v. Jackson, 129 Ky. 214. The Ohio county court, in rendering the judgment of May 2, 1921, did so in the exercise of original and exclusive jurisdiction conferred upon it, and its judgment is not open to contradiction or impeachment by extraneous testimony without an appropriate direct proceeding for the purpose. Hodge v. Mullins, 214 Ky. 200. It results, therefore, that all of such extraneous testimony heard by the court at the trial below was absolutely irrelevant and incompetent, and plaintiff's objection thereto should have been sustained.

It is also well settled as a sound principle of law that an attorney employed to represent his client in a pending litigation or other matter has no authority to compromise it, unless he is specially authorized to do so by his client. Mason v. Cook, 187 Ky. 260; Hall v. Wright, 138 Ky. 81; Cox v. Adeldorf, 21 K. L. R. 421; Benedict v. Wilhoite, 26 K. L. R. 178; Harrow v. Farrow. 7 B. M. 126; Harrodsburg Savings Institution v. Chinn, 7 Bush 539; Brown v. Benger, 43 S. W. R. (Ky.) 714, and Givens v. Briscoe, 3rd J. J. M. 529. But it does not follow that the judgment dismissing plaintiff's petition should be reversed for either of the grounds relied on. The judgment of the county court following the agreements made on March 21, 1921, whatever they were, was never appealed from, nor has it in any manner been impeached; but, on the contrary, it is still in full force and effect. After adjudging various matters in favor of different interested parties it contains this sentence: "It is further adjudged that the Louisville and Nashville Railroad Company not be required to incur any expenses at trestle No. 32 before November 1, 1921, except to let the dredge boat pass through said trestle." The trestle No. 32, therein referred to, is the one involved in this action. We construe the language there, "except to let the dredge boat pass through said trestle," as an adjudged agree-

ment on the part of plaintiff to permit that to be done at its expense, since the whole sentence relates to *expenses* to be incurred by plaintiff, and it is expressly adjudged that it "shall not be required to incur any expenses at trestle No. 32 before November 1, 1921." That language is immediately followed by the exception above quoted, clearly indicating that it should incur expenses incident to letting the dredge boat pass through the trestle and that such expenses should be incurred before November 1, 1921, and which, to our minds, we repeat, is in effect and in substance an agreement on its part to or an adjudication that it should defray the expenses incident to letting the dredge boat pass through that trestle. That being true, it can not be allowed to recoup from defendant those expenses, whatever their amount; and for that reason the right to any such recovery in its favor is not shown by anything appearing in the record, and its petition should have been dismissed for that reason. It is a rule of practice universally applied that a judgment will not be reversed when upon the entire record it was correct, although it may have been rendered upon an erroneous ground.

Under that rule we are constrained to hold that the judgment dismissing plaintiff's petition was and is correct, and it is accordingly affirmed