# Boone v. Ohio Valley Fire & Marine Ins. Co.'s Receiver et al.

(Decided Dec. 13, 1932.)

490

CHARLES FERGUSON for appellant.

C. H. WILSON and W. C. MARSHALL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

J. W. Jeffers was the duly appointed and qualified receiver of the Ohio Valley Fire & Marine Insurance Company. He filed an action in the Livingston circuit court to recover of M. C. Boone and Annie Boone on a bond executed and delivered by them to the company, secured by a mortgage on certain land. In their answer the Boones offered to confess judgment for $500, or to pay this sum in satisfaction of the bond, and the mortgage to secure it, with interest from December 16, 1922. Following this offer, it was alleged in their joint answer that Annie Boone, at the time the bond was executed, had no interest in it; that she was simply an accommodation surety, and had merely signed it and the mortgage to relinquish her marital rights in the mortgaged property. Their answer was filed in open court December 9, 1927. On the 15th day of December there was placed on the order book an order in this language:

"On motion of the court it is ordered that this case be dismissed as to personal judgment of defendant, Annie Boone and continued to the April Term of this Court."

On the regular April rule day, 1928, Jeffers filed a reply to their answer, traversing its affirmative allegations. The action was continued at each of the succeeding terms until the 8th day of the regular term 1930, when a judgment was entered in this language:

"This action coming on to be heard upon the pleadings and exhibits, by consent and agreement of the parties, it is adjudged by the court that the plaintiff, J. W. Jeffers recover of the defendants, M. C. Boone and Annie Boone, his wife, the sum of Five Hundred ($500.00) dollars with interest thereon at the rate of six per cent. per annum from December 16, 1922, until paid, together with the costs therein expended. It is further adjudged by the court that in order to secure the payment of the said debt the plaintiff has a valid and subsisting lien prior and superior to all others upon the following real estate described in the petition."

Under this judgment the property therein described was sold by the master commissioner. J. W. Robinson bid $100 for it; his bid was reported to, and confirmed by, the court. Thereafter he transferred his bid to Annie Boone, and a deed, under an order of the court, was made by the master commissioner, conveying it to her. Later an execution was issued on the judgment, and levied on the same property as the property of Annie Boone. It was sold under the execution as her property, when it was bid for by Newman U. Wells. Thereafter Annie Boone gave notice to Jeffers, filed it and a written motion in court, to set aside, so far as she was concerned, the judgment for $500 against her and M. C. Boone. She also entered a motion to strike from the judgment so much of it as was a judgment against her on the ground it was unauthorized by the pleadings, and without proof on the issue of her personal liability. She also entered a motion to strike so much of the judgment as showed it was entered "by consent and agreement of the parties." Her motions were overruled. She appeals, insisting that the judgment against her for the $500, interest and cost, was a clerical misprision, and that the court erred in overruling her

motions. Newman U. Wells assigned his bid to Fay Wells. Both of them are parties to this appeal. No evidence was heard to sustain or support either of her motions.

It is elementary that a judgment entered by consent or agreement of the parties is not the judgment of the court, except in the sense the court allowed it to be recorded. Karnes v. Black, 185 Ky. 410, 215 S. W. 191. It will not be set aside, although it is alleged to have been obtained by fraud, unless it be shown that there was material misrepresentation of a material fact by one of the parties; that the party making it knew, or should have known, that it was untrue; that it was made for the purpose of having the party prejudiced thereby to rely on it; and that he had the right to do so, and did, in good faith, rely on it. Commonwealth v. Harkness' Adm'r, 197 Ky. 198, 246 S. W. 803. A judgment by consent or agreement is not appealable, and can only be vacated for fraud, or want of consent by the court entering it. The general rule that a decree or judgment on a matter outside of the issues raised by the pleadings is a nullity does not apply to a judgment entered by consent. Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011; Louisville & N. R. R. Co. v. Wood, 198 Ky. 349, 248 S. W. 871; Louisville & N. R. R. Co. v. King, 216 Ky. 736, 288 S. W. 733.

The amount sought to be recovered by the petition was $1,000. The defense presented by the answer went only to $500 of the $1,000, except the allegations of Annie Boone concerning the fact that she was a married woman, which was traversed by the reply. She and her husband had offered to confess judgment for $500, which was the amount of the judgment that was subsequently entered by "consent and agreement of the parties." In the absence of both allegations and proof of fraud, or of mutual mistake, the court properly declined to amend or correct the agreed judgment, without the consent of the parties. Karnes v. Black, supra. Annie Boone failing to establish by evidence either fraud or mutual mistake in the entry of the judgment, the court properly refused to set it aside. Faust v. Louisville Trust Co., 192 Ky. 3, 232 S. W. 58; De Charette v. St. Matthews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34. The order relied on by Annie Boone as taking her out of the case and depriving the court of the right to enter a personal

judgment against her is so worded as to indicate a suspicion which would have justified an order setting it aside on the ground of clerical misprision. At the time it was entered, the answer of Annie Boone offered to confess judgment for $500, and the order recites that the court on its own motion "ordered the action dismissed as to personal judgment against Annie Boone." It is not conceivable that the court on his own motion directed an order in its language, when at that very time she had offered to confess the judgment entered and now appealed from.

Perceiving no error, the judgment is affirmed.