**POPE v. POWERS et al.**

No. 3336.

Court of Civil Appeals of Texas. El Paso.

Feb. 6, 1936.

Rehearing Denied Feb. 27, 1936.

J. A. Wood and H. S. Bonham, both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

HIGGINS, Justice.

In a suit pending in the district court of Nueces county, No. 12705B, W. E. Pope et al. v. Theodore T. Priour et ux., a judgment was rendered. In that suit W. E. Pope, individually and as trustee, sued

Priour and wife. The litigation involved an oil and gas lease. The defendants impleaded J. D. Powers and Joseph Mireur. Powers employed Hon. John S. McCampbell to answer for him. The attorney so employed did answer for Powers, but immediately thereafter withdrew at the request of Powers, who then authorized the plaintiff W. E. Pope, a lawyer, to represent him. Thereafter the judgment mentioned was rendered. According to its recitals, it purports to have been tried without a jury, the parties appearing either in person or by attorney, and after the court had heard the pleadings, evidence, and argument of counsel. The portion of the judgment involved by the present appeal is that wherein the court found that the cross-defendant, J. D. Powers, had theretofore conveyed a portion of the mineral rights to W. E. Pope and W. E. Pope, trustee, and decreed that a ⅛₆ royalty interest was owned jointly by Mireur, Powers, and Pope, stating their respective interests.

This suit was later filed by Powers against the other parties to said judgment seeking to set the same aside.

He alleged that he had not been served with process and had not authorized any attorney to represent him; that the portion of the judgment noted above was without pleading or evidence to support it. Upon trial the court set aside that portion of the judgment decreeing Powers and Pope to be jointly interested in the royalty interest and decreed that Powers recover of Pope, individually and as trustee, said royalty interest. The case was tried without a jury. Findings and conclusions were filed by the court which read:

"Findings of Fact."

"1. J. D. Powers filed answer in Cause 12705-B and was represented, in turn, by Hon. Jno. S. McCampbell, and, succeeding him, by Hon. W. E. Pope, through Hon. H. S. Bonham.

"2. The pleadings of the parties in Cause 12705-B did not allege a joint interest of J. D. Powers, W. E. Pope and W. E. Pope, Trustee, in half of the ⅛₆ royalty conveyed to Joseph Mireur and J. D. Powers by mineral deed of Theodore T. Priour and wife, dated July 11th, 1925.

"3. January 29th, 1926, Theodore T. Priour and wife conveyed an oil and gas lease, in commercial form, upon the 49 acres in question, to J. D. Powers, retain-

ing ⅛th royalty; December 2nd, 1930, J. D. Powers assigned to W. E. Pope 'all rights, title and interest of the original lessee and present owner in and to said lease and rights thereunder insofar as it covers an undivided ⅛₆th interest in and to said lease and all oil, gas and other minerals contained in, on or under the said above described tract of land, an overriding royalty'; January 23rd, 1932, J. D. Powers assigned to W. E. Pope, trustee 'a full ¹³⁄₁₆ths of all oil, gas and sulphur and other minerals to, on and under said tract of land, as shown in said lease.'"

"Conclusions of Law."

"1. The judgment in Cause No. 12705-B is binding on plaintiff as to all defendants insofar as said judgment adjudicated matters placed in issue by the pleadings in the suit.

"2. The pleadings in Cause No. 12705-B do not support an adjudication to W. E. Pope and W. E. Pope, Trustee, of an interest in the ⅟₃₂ royalty interest held by J. D. Powers.

"3. The assignments by J. D. Powers to W. E. Pope evidence the transfer to W. E. Pope and W. E. Pope, trustee, of the lease dated January 29, 1926, and do not transfer to W. E. Pope and W. E. Pope, trustee, any part of the ⅟₃₂nd royalty interest in the land owned by J. D. Powers under the mineral deed dated July 11th, 1925."

From the judgment rendered, Pope appeals.

Opinion.

From the findings and conclusions it will be observed the court found against Powers upon the issue that he was not represented in the former suit by authorized counsel, but rendered judgment in his favor because the pleadings did not support a judgment in favor of Pope against Powers for an interest in the royalty.

No error is assigned to the finding that the pleadings were insufficient to support the judgment in favor of Pope against Powers, but appellant here asserts the judgment rendered in the cause was an agreed one, and such being its nature, it is unimportant that the pleadings did not support it. In this connection authorities are cited holding that an agreed judgment, in a cause wherein the court has jurisdiction of the parties and subject-matter, is valid, though the pleadings would not be regarded as sufficient to support the same, if the

case had been a contested one. 25 Tex. Jur. 390, § 27; Freeman on Judgments (5th Ed.) vol. 3, pp. 2775, 2772; 86 A.L. R. 84–88; 34 Corpus Juris p. 131; Fletcher v. Holmes, 25 Ind. 458; Holloway v. Durham, 176 N.C. 550, 553, 97 S.E. 486; Seiler v. Union Manufacturing Co., 50 W. Va. 208–218, 40 S.E. 547; Boone v. Ohio Valley Fire & Marine Ins. Co.'s Receiver et al., 246 Ky. 489, 55 S.W.(2d) 374; Tellico Mfg. Co. v. Williams (Tenn.Ch.App.) 59 S.W. 1075; Dunman and wife v. Hartwell, 9 Tex. 495, 60 Am.Dec. 176; Laird v. Thomas, 22 Tex. 276; Lessing v. Cunningham & Hardee, 55 Tex. 231; Telluride Power Co. v. City of Teague (Tex.Civ. App.) 240 S.W. 950; McDaniel v. Monday, 35 Tex. 39; Tait v. Matthews, 33 Tex. 112; Campbell v. Kracke & Flanders (Tex.Civ.App.) 100 S.W. 1028.

▮▮▮ It was shown no evidence was heard upon the trial of the suit, No. 12705-B, and in fact the judgment rendered was an agreed judgment in compromise of the litigation.

In the state of the pleadings no issue was tendered as to the judgment being an agreed one. Pope's answer consisted of a general demurrer and general denial. There is nothing in the pleadings of the plaintiff or any of the other parties to this suit from which it might be inferred that the judgment was an agreed one. Pope's general denial simply put in issue the plaintiff's allegations upon which he sought to avoid the judgment.

The judgment upon its face does not purport to be an agreed one. The purport of its recitals is to the contrary. In order for Pope to defend upon the ground that the judgment was an agreed one, it was necessary to so plead in confession and avoidance which was not done. So the theory upon which Pope seeks a reversal is not raised by the pleadings and is for that reason untenable. Blagge v. Shaw (Tex.Civ.App.) 41 S.W. 756.

It is true the undisputed evidence adduced upon the trial shows the judgment was in fact an agreed one, but evidence without pleading to support it cannot form the basis of a judgment. Riverside Lumber Co. v. Lee, 7 Tex.Civ.App. 522, 27 S.W. 161.

Such evidence affords no ground for a judgment of reversal by this court.

Affirmed.