## Harrel et al. v. Yonts et al.

(Decided Feb. 1, 1938.)

784

CLAUDE E. SMITH for appellants.

R. D. McAFEE, KIRK & BARTLETT, M. L. HEAVRIN and E. B. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

L. F. Harrel died a resident of Rockport, Ohio county, Ky., on the 8th day of February, 1933, testate. His will was duly probated on the 8th day of March, 1933. The testator imposing implicit faith in the business ability and the honesty and integrity of his friend, Marshall Barnes, nominated and directed that he be appointed and qualified executor and trustee of the funds mentioned in his will, with further authority to supervise the expenditure of the income from the funds in accordance with his will. Barnes accepted the trust and was duly appointed and qualified by the Ohio county court, and proceeded to execute the terms of the will and to carry out the trust imposed upon him. However, before the will was in fact probated, information was received that a number of the heirs of L. F. Harrel were dissatisfied with the disposition of

his property, and for that reason opposed the probation. In order that every precaution might be had, the will was not probated when first presented, and, in the meantime, Barnes was appointed curator, which trust he accepted and was duly qualified. Harrel left a large estate, amounting to more than $40,000, consisting of property that required much care and attention. As a part of his large estate, there was a store at Rockport, the place of his residence, that had to be cared for and looked after until the will was probated. Barnes, as curator, performed that service. Later, the will was probated and Barnes was appointed and qualified as executor, as aforesaid. In order that he make no mistake in the execution of the will, and to be sure that the law was fully complied with, he employed Kirk & Bartlett and Ernest Woodward, reputable and skillful attorneys, to advise and represent him in the performance of his duties in carrying out the trust. Immediately after the will was probated Barnes settled his accounts as curator and then took over the handling of the estate in the capacity of executor.

The Harrel estate was large and considerably complicated. It consisted of many different kinds of property, such as the family residence, a number of tenant houses, and a large store building equipped with necessary fixtures to conduct a general mercantile business with a large stock of merchandise therein. Also, a theater and other business property located in Rockport. There was a large amount of cash on deposit in bank, government bonds of the value of several thousand dollars, property situated at Grenada, Miss., and a considerable amount of stock in the Pollard Clay Company, situated in Ohio county, Ky. In order to reduce it to cash, it required skill and business acumen.

In order to settle the estate and carry out the terms of the will, much litigation resulted. It is not made clear fully the character of litigation that the executor was compelled to engage in, but it is fairly shown that on account of the size and attractiveness of the estate, the heirs of L. F. Harrel kept almost constantly on the docket litigation of some description which required diligent, persistent, and skillful legal service. As aforesaid, it is not satisfactorily shown the character of all the litigation engaged in, but it is shown that an ap-

peal from the judgment of the Ohio county court was filed May 13, 1936, by appellants herein in the Ohio circuit court against appellees, the other beneficiaries named in the will, including Marshall Barnes, executor, wherein they attacked the will of L. F. Harrel as being invalid on different grounds. By proper pleading, the issues were joined. Preparation was made for the trial in the Ohio circuit court by Barnes with the aid and assistance of his attorneys, Kirk & Bartlett and Ernest Woodward. Depositions were taken in and out of the state, witnesses interviewed, and much time given in preparing for trial. After much time and labor was expended in an effort to settle the contest of the will and to agree concerning the rights of the parties interested in the estate of Harrel and to settle all costs and expenses growing out of the litigation to that date, on the 12th day of September, 1933, an agreed judgment was entered by the court, which, so far as it applies to the question involved, is herein set out:

"This day came Julius Harrel, by attorney, and tendered and moved to file his intervening petition to this action, showing his relation as nephew of L. F. Harrel, deceased, and his interest herein, which intervening petition is ordered filed. This cause then being submitted for final trial and judgment, and by agreement of all parties herein, it is ordered and adjudged by the court that the paper purporting to be the last will and testament of L. F. Harrel, and the codicil thereto, dated September 20, 1929, is the last will and testament and the codicil of L. F. Harrel, deceased, and which paper was probated March 8, 1933, as the last will and testament and the codicil of L. F. Harrel, deceased, and that said paper be and it is upheld as the last will, testament and codicil of said testator, subject, however, to the following modifications, and in consideration of the dismissal of the appeal prosecuted by the appellants from an order of the Ohio County Court probating the writing as the last will and testament of L. F. Harrel, deceased. It is agreed between the appellants and appellees as follows, that the following sums be paid to the following persons, out of the estate of L. F. Harrel, deceased:

"1. The entire cost of this action of both appellants and appellees, including depositions taken by either party whether filed or not filed shall be taxed as cost herein and paid out of the general estate.

"2. It is further ordered and adjudged by the court that the attorneys representing the executor, for their services rendered in this action, shall be paid a fee for their services to date, and it is fixed at the sum of $3,000.00, to be taxed as general cost herein. This fee, however, is subject to a credit of $1500.00, heretofore paid by the executor.

"3. And it is further adjudged by the court that any and all state and federal inheritance taxes, as well as any and all county, state and school and municipal, and any and all other taxes that may be due or properly chargeable against said estate shall be paid by the executor and inheritance taxes shall be charged against the beneficiaries if their interest is over the amount allowed as exemptions.

"4. Any and all just indebtedness due and properly chargeable against said estate, including expense of burial and the purchase of and erection of suitable monument at the grave of testator, said monument and its erection not to cost or exceed the sum of $1,000.00. * * *

"All claims of every kind, nature, sort or character, against the estate of said testator, L. F. Harrel, deceased, held or claimed or asserted, or that may hereafter be claimed or asserted by said appellants or said intervening petitioner, Julius Harrel, or either of them, in consideration of the entry of this agreed judgment herein, and the payment of sums directed above, are compromised, settled and forever discharged, and disclaimed and fully and completely satisfied and settled.

"It is further agreed that after the payment of the special bequests and simultaneously with the entering of the judgment $7,500.00 shall be paid to Morton K. Yonts, and M. L. Heavrin, attorneys for the parties named in sub-paragraph (L) except Mrs. Mattie Campfield, out of the proceeds of the cash on hand, now in the hands of the executor,

the names of said persons being as follows: Mrs. Agnes Yarbrough, Mrs. Alma Tilford, Mrs. Nora Walker, Millard F. Harrel, Julius Harrel, John Harrel, Lucille Harrel Dowell.

"On motion of the executor he is allowed a fee of five per centum (5%) of such sums as may be received and disbursed by him, plus his actual expenses, an itemized list of which he shall for future approval, in full of services rendered and to be rendered by him."

By the terms of that judgment, appellants agreed that Barnes, as executor, should have as his fee a commission of 5 per cent. of all sums received and disbursed by him and, in addition to that, his necessary expenses in settling the estate, including fees to his attorneys. His attorneys were allowed for their services rendered the executor and estate up to that date the sum of $3.000 which was directed to be taxed by the clerk as general costs, but this amount was to be credited by $1,500 that had already been paid to the attorneys by the executor.

Barnes executed the judgment by paying out the funds to those adjudged to be entitled thereto, taking receipts therefor. On April 9, 1934, soon after the agreed judgment was entered into, at the April term of the court, he filed his report of the receipts and disbursements as directed by the judgment. No exceptions were filed thereto. This report was approved and confirmed by the court on the first day of the June term, which was the 4th day of June, 1934. This report included the several amounts adjudged by the agreed judgment to be paid to appellants. Also, it included the fees allowed the attorneys, Kirk & Bartlett and Ernest Woodward, and the commission of Barnes, the executor. At the April term of the court, 1936, on the eighth day of the term, by way of recapitulation and in order that all of his reports of receipts and disbursements might be shown in one order, Barnes filed a report, including the report that he filed at the April and June terms in 1934, which had already been approved by the judgment of the court. This report showed all receipts and disbursements from the rendition aforesaid to April 8, 1936. At the April term, 1934, Barnes

also filed a report of his expenses agreeable to paragraph 4 of the agreed judgment of the September term, 1933, which was not on that date confirmed and approved. At the April term, 1936, on the seventh day thereof, appellants filed exceptions to the report of Marshall Barnes, executor of receipts and disbursements, filed on December 13, 1934, excepting only to so much of the report as allowed and noted payment made to Kirk & Bartlett and Ernest Woodward as attorneys' fees for services rendered by them to the executor in the sum of $4,000, because, as alleged in the exceptions, said amount was unreasonable, exorbitant, and not commensurate with the services rendered by the attorneys, and further excepted to an allowance of a commission of 5 per cent. on $10,581.32, Fourth Liberty loan government bonds and coupons, and on $968.56, government bonds, bearing 3⅜ per cent. to an excess of 1½ per cent. commission on said bonds. No exceptions were filed to the 5 per cent. allowed on other assets paid out by him. They further excepted to the report of the commissioner showing his expenses in settling the estate in pursuance of the agreed judgment, amounting to $332.90, claiming that such sums should not be allowed at all. Barnes objected to these exceptions to his report filed at that time, which the court overruled and permitted the filing of same. The exceptions on the entire record were then submitted and on consideration thereof were overruled. The several reports were then again confirmed and approved. To that ruling appellants objected and excepted. This appeal follows.

This appeal in fact involves in the main the judgment of September, 1933. It is insisted by counsel for Barnes that more than two years had transpired before the exceptions were filed; that the appeal was therefore barred by section 745, Civil Code of Practice. Before passing upon that contention, we note that appellants were plaintiffs in the action in which the agreed judgment was obtained. The object of that action was to set aside the will of Harrel. By agreement of the parties to that proceeding, all being adults and represented by attorneys, the provisions of the will, in so far as the rights of appellants were concerned, were set aside, and their rights as agreed upon adjudged. The interests

of appellants were assented to and adjudicated. The cost of the action in settling the estate, including the commission of the executor, Marshall Barnes, and his expenses in carrying out the trust and the fees of Kirk & Bartlett and Ernest Woodward, were agreed upon. The question arises, It being an agreed judgment, is it appealable?

It is a universal rule regulating the right of an appeal that it will not lie in favor of a party unless it was an involuntary adverse judgment. If the judgment appealed from was rendered at the instance of the complaining parties or by their consent, they will not be permitted to complain upon an appeal. Taylor v. Slider, 185 Ky. 756, 215 S. W. 827. It is elementary that a judgment entered by consent and agreement is not the judgment of the court except in the sense that the court allowed it to be recorded as the judgment of the court. Karnes v. Black, 185 Ky. 410, 215 S. W. 191; Boone v. Ohio Valley F. & M. Insurance Company's Receiver, 246 Ky. 489, 55 S. W. (2d) 374. We are of the opinion that the judgment by consent or agreement as in the instant case is not appealable. It can only be set aside for fraud or want of consent by the court entering it. When obtained by fraud, it must be shown that there was a misrepresentation of a material fact by one of the adverse parties and that the party making it knew or could have known that it was untrue and made for the purpose of having the other party prejudiced to rely upon it, and further that he had the right to rely upon it in good faith and did rely upon it. Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011; Louisville & N. R. R. Company v. Wood, 198 Ky. 349, 248 S. W. 871; Louisville & N. R. R. Company v. King, 216 Ky. 736, 288 S. W. 733; Commonwealth v. Harkness' Adm'r, 197 Ky. 198, 246 S. W. 803.

The allowance of the 5 per cent. commission to Marshall Barnes, executor, on all of the assets of the Harrel estate and his expenses as well as the fee to the attorneys to the extent of $3,000 was allowed as shown by the judgment by agreement and consent of the parties now complaining. There is no evidence nor pleading that the judgment was obtained by the fraud of the adverse parties or was entered into without their consent. It thus follows that appellant cannot complain of

the commission allowed to Marshall Barnes, executor, or to the attorneys, Kirk & Bartlett and Ernest Woodward.

We cannot escape the conclusion that the trial court committed no error in overruling appellants' exception to the report of Barnes as executor. As to the attorneys' fees, we might say that an allowance of fees to attorneys is a matter always addressed to the sound discretion of the chancellor. The chancellor is more familiar with the extent and character of the work done than this court. The court in making such an allowance had the right to take into consideration the skill and learning of the attorneys and the amount of work and services rendered, and the continuous litigation that had been engaged in, as shown by the record, in fixing the amount for fees. We do not feel inclined to disturb the judgment of the trial court. It will be noted that the exceptions filed to the allowance made to the executor for expenses does not object to the separate items in the report nor call attention to the court of what items are considered excessive. It only excepts to the whole by stating that said expenses were exorbitant and improper. No evidence is offered that we can find in the record. However, the trial court had the right to hear oral evidence in passing upon the exceptions to the fees of attorneys and to the commission of the executor. The record does not show whether evidence was heard or not. We will presume that the court satisfied itself by examining the record and noting the amount of work necessary to carry out the judgment of the court and the will of Harrel and of orally hearing the evidence concerning the value and importance of same. We can find no cause to disturb the judgment of the court in that respect.

It is further insisted that the appeal is barred. It was filed on December 14, 1936. The agreed judgment bears the date of September 12, 1933. The report allowing the remainder of a fee of $1,000 to Kirk & Bartlett and Ernest Woodward was by a judgment of the court confirmed and approved on the 4th day of June, 1934. More than two years transpired before the filing of the appeal. It, therefore, comes too late. Section 745, Civil Code of Practice.

Appellants further insist that the trial court com-

mitted an error in overruling a demurrer to the second and third paragraphs of the reply filed by Morton K. Yonts, and in sustaining a demurrer filed by Yonts to the amended answer, counterclaim, and cross-petition of appellants. During the administering of the Harrel estate, Marshall Barnes, as executor, filed his petition seeking the advice of the court with reference to the collection of the purchase-money sale bond executed by appellant Agnes Yarbrough, now Agnes Yarbrough Nichols, she having since married. Yonts filed his petition to be made a party defendant to the action and by proper order was made a party defendant. In that pleading he contended that Agnes Yarbrough Nichols, before the contest of the will of Harrel was filed, entered into a written contract with him by which she agreed that in consideration of his services in representing her interest in setting the will aside and caring for her interest in the estate, she would pay him an amount equal to one-half of the amount received from said estate by her; that in pursuance of that agreement with Agnes Yarbrough Nichols and the other appellants, the contest suit was instituted and the agreed judgment was made and entered on September 12, 1933; that as provided by that judgment he collected appellants' interest that was adjudged to them, which amounted to $7,500; that his part of that amount was $3,750, which he applied to his fee; that in addition to the amount he had already received he was entitled under his contract to one-half of her individual interest in the lot or parcel of land which had been sold by the executor, Barnes, under and in pursuance of said judgment and which was purchased by Agnes Yarbrough Nichols for the sum of $1,049; that she in her own right owned 21/54 of said house and lot which was sold, and was entitled to credit on the sale bond by her interest except for the agreement that he had with her, which gave him a lien on the proceeds, as provided by section 107, Kentucky Statutes, and entitled him to be paid by the executor ½ of that sum and that ½ part of the 21/54 should be paid to Ewing L. Hardy, trustee of the estate of Mary J. Drane, deceased, to whom he had assigned his interest in said fee, and that part should not be applied as a credit upon Agnes Yarbrough Nichols' sale bond for the land sold by the executor and

purchased by her. It is noted that by the interplea of Yonts, that he sought relief only against the appellant Agnes Yarbrough Nichols and not against all of the appellants.

Appellants by answer denied the allegation of Yonts' petition and by a second paragraph, by way of counterclaim, alleged that when they employed Yonts it was under an agreement that he was to represent and protect their interests in the settlement of the estate of L. F. Harrel, deceased, until it was finally settled and distributed, and that the compensation to him for his services was based upon the contingency of his representing and giving them all legal service until the estate was finally settled. They further alleged that after the entry of the judgment of September 12, 1933, Yonts ceased to represent them and to protect their interests; that appellant Agnes Yarbrough Nichols on March 27, 1934, dismissed Yonts as her attorney and notified him that he was discharged in all matters pertaining to the settlement of the estate of Harrel; that at no time after March 27, 1934, had he represented them or either of them. They further alleged that after September 12, 1933, when the agreed judgment was made, Yonts collected from the executor $7,500, money adjudged to and belonging to them and applied to his own use as his fee $3,750, which they alleged was a sufficient amount to pay and satisfy him for the services he had already rendered to them in the settlement of the estate. They pleaded same as a full and complete answer and counterclaim against his recovering any further sum for services rendered.

To that answer Yonts filed his reply denying all of the affirmative allegations therein and by a second paragraph affirmatively alleged that he performed all the services that he agreed or contracted to do and had performed the services now sued for at the time of the notice of his discharge, for which they had not paid him any part. By a third paragraph he affirmatively alleged that Agnes Yarbrough Nichols in April, 1934, filed a suit against him in the Ohio circuit court growing out of the contract of services to her as attorney; that the action was settled on December 16, 1935; and that he paid her the sum of $800.96 which was accepted by her as full and complete satisfaction. He pleads the

judgment and agreement in that action as a bar against her making any claim against him.

To that reply appellants insist that the demurrer should not have been overruled. While there is much in the reply that is surplusage and has no place in it, still taking the paragraphs as a whole, we are of the opinion that the trial court was right in overruling the demurrer.

Later on, at the June term of the court, the defendants filed an amended answer and counterclaim against Yonts and made it a cross-petition against Ewing L. Hardy, trustee of Mary J. Drane. By that pleading they alleged they had just been advised and learned that he as their attorney, and Marshall Barnes, executor, in order to terminate the contest, entered into the judgment of September 12, 1933, and by that judgment it was agreed that Marshall Barnes should have a commission equal to 5 per cent. on all sums received and disbursed by him, his expenses in the discharge of the trust, and that the attorneys representing him should have $4,000 fees. They denied that they consented to that judgment, but, in substance, alleged that by the fraud of Yonts the judgment was entered into and on account thereof they had been damaged, and if it was finally decided that Marshall Barnes was entitled to the 5 per cent. and also his charges for expenses in discharging his duties of the estate and that the $4,000 was decided in favor of the attorneys, then they pleaded that they had lost by reason of said judgment the sum of $1,552. A demurrer was sustained to the answer as amended. Appellant refused to plead further. In our opinion, the trial court was correct.

Wherefore, upon the whole case, the judgment is affirmed.