**Norma Jean ANGEL, Appellant,**

v.

**HARLAN COUNTY BOARD OF ED-UCATION and Harlan County Fiscal Court, Appellees.**

Nos. 1998–CA–001724–MR, 1998–CA–001942–MR.

Court of Appeals of Kentucky.

Jan. 14, 2000.

Otis Doan, Jr., Harlan, Kentucky, for Appellant.

Johnnie Turner, Harlan, Kentucky, Larry G. Bryson, Bledsoe and Bryson, PSC London, Kentucky, for Appellee Harlan County Board of Education.

Martha L. Brown, Farmer, Kelley, Brown and Williams London, Kentucky, for Appellee Harlan County Fiscal Court.

BEFORE: HUDDLESTON, JOHNSON and SCHRODER, Judges.

## ORDER AND OPINION

HUDDLESTON, Judge:

Norma Jean Angel appeals the decision of Harlan Circuit Court to dismiss her personal injury action against the Harlan County Board of Education. The only issue presented is whether the circuit court erred in dismissing the complaint against the Board based on the doctrine of sovereign immunity.

Angel fell into an uncovered manhole located at the Evarts Elementary School, which is controlled by the Board. At the time of her fall, it was dark and Angel alleged that she could not see the hole nor was it clearly marked. As a result of her fall, Angel claimed to have suffered severe injuries because of the negligent and careless acts and omissions of the Board and Harlan County Fiscal Court. In particular, she alleged that the defendants failed to properly cover the manhole opening, adequately secure the cover, or notify her of the open manhole and the danger it presented.

The Board and the Fiscal Court moved to dismiss Angel's complaint in light of the Kentucky Supreme Court's decision in *Franklin County v. Malone.*[1] At the hearing on the motion, Angel's attorney conceded that the *Malone* case was directly on point and that as a result of the decision, the circuit court had to dismiss the case against the Fiscal Court. The court also decided to dismiss the case against the Board based on the doctrine of sovereign immunity.

■ Section 231 of the Kentucky Constitution provides that "[t]he General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." The Supreme Court and this Court have read this constitutional provision to include fiscal courts.[2] In *Withers v. University of Kentucky,* the Kentucky Supreme Court noted:

The determination of whether an entity is entitled to protection by the constitutional principle of sovereign immunity is for the judiciary.

. . . .

The General Assembly has no power to extend or limit the class of entities entitled to sovereign immunity as this determination must be made from Section 231 of the Constitution.[3]

In the Commonwealth, "[p]ublic education has always been regarded as a matter of state concern...."[4] As a result, the Supreme Court has recognized that school boards are entitled to sovereign immunity. In *Clevinger v. Board of Educ. of Pike County,* the Court noted that "[a]t least since 1941 this Court has recognized that a County Board of Education is an arm of state government, and as such enjoys state sovereign immunity against liability and tort."[5] In that case, the Court found that sovereign immunity protected

---

1. Ky., 957 S.W.2d 195 (1997) (holding that a fiscal court has sovereign immunity).

2. *See Franklin County v. Malone,* Ky., 957 S.W.2d 195 (1997).

3. *Withers v. University of Kentucky,* Ky., 939 S.W.2d 340, 342 (1997).

4. *Commonwealth ex rel. Baxter v. Burnett,* 237 Ky. 473, 35 S.W.2d 857, 858 (1931).

5. Ky., 789 S.W.2d 5, 10 (1990) (citing *Wallace v. Laurel County Bd. of Educ.,* 287 Ky. 454, 153 S.W.2d 915 (1941)). Other cases include: *Copley v. Board of Education of Hopkins County,* Ky., 466 S.W.2d 952 (1971); *Carr v. Wright,* Ky. 423 S.W.2d 521 (1968); *Cullinan v. Jefferson County,* Ky., 418 S.W.2d 407 (1967); and *Wood v. Board of Education of Danville,* Ky., 412 S.W.2d 877 (1967).

the school board from being sued for declining to withdraw union dues from employees' paychecks.

In *Cullinan v. Jefferson County*,[6] an individual was injured when he stepped into a hole while playing tennis on school grounds. He sued the school board and Jefferson County, which had an employee supervising the activities. In declining to find liability against the school board and the county, the Court explained that both were protected by sovereign immunity.

In *Knott County Board of Education v. Mullins*,[7] this court reached the same conclusion. An automobile struck Mullins while he was on his way to board a school bus on the grounds of an elementary school. Mullins sued the driver and owner of the car alleging negligence. The defendants then filed a third-party complaint against the school district. After the claim against the school district was filed, Mullins amended his complaint to allege that the school district also negligently caused his injuries. In reversing the circuit court's decision against the school district, this Court noted that sovereign immunity protected the school district and that the school district could not waive its sovereign immunity defense.

■ If, as we hold, the Board is protected by sovereign immunity, Angel argues alternatively that the Board's participation in an insurance trust constituted a waiver of immunity. In *Withers*, the appellant made a similar argument, which the Supreme Court rejected.

> If immunity exists, it is not lost or diminished or affected in any manner by the purchase of liability insurance or the establishment of an indemnity fund, whether directed or authorized by statute or merely undertaken without authorization, notwithstanding that such may have been an unnecessary expenditure of funds.[8]

As *Withers* clearly states, the Board's participation in an insurance trust cannot constitute a waiver in this case.

In light of the cases cited herein, it is apparent that the circuit court did not err in dismissing Angel's claim against the school board.

■ Angel also argues on appeal that the Fiscal Court is not protected from liability by sovereign immunity. However, Angel waived this argument in the circuit court and, hence, did not preserve it for appeal.[9] Therefore, we will not address the merits of the argument. Instead, we will address Angel's decision to appeal against the Fiscal Court.

■ Although no party has raised the issue, we believe that Angel's appeal against the Fiscal Court is frivolous. Kentucky Rule of Civil Procedure (CR) 73.02(4) provides that:

> If an appellate court determines that an appeal or motion is frivolous, it may award just damages and single or double costs to the appellee or respondent. An

---

6. Ky., 418 S.W.2d 407 (1967).

7. Ky.App., 553 S.W.2d 852 (1977).

8. *Withers*, 939 S.W.2d at 346. *See also Malone*, 957 S.W.2d at 203.

9. *See Stucker v. Bibble*, Ky., 442 S.W.2d 578, 580 (1969), *overruled on other grounds by Cooper v. Fultz*, Ky., 812 S.W.2d 497 (1991) ("[I]t is incumbent upon a litigant who seeks reversal of a trial court's judgment to demonstrate to the appellate court that the trial court has committed error prejudicial to the substantial rights of the litigant and that the litigant has properly preserved for appellate review the error or errors upon which he relies."); *Har-rel v. Yonts*, 271 Ky. 783, 113 S.W.2d 426, 430 (1938) ("It is a universal rule regulating the right of an appeal that it will not lie in favor of a party unless it was an involuntary adverse judgment. If the judgment appealed from was rendered at the instance of the complaining parties or by their consent, they will not be permitted to complain upon an appeal") (citing *Taylor v. Slider*, 185 Ky. 756, 215 S.W. 827 (1919)); *Forester v. Forester*, Ky.App., 979 S.W.2d 928, 931 (1998) ("It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court") (citing *Skaggs v. Assad*, Ky., 712 S.W.2d 947, 950 (1986)).

562

appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith.

As noted, Angel's attorney conceded below that the Fiscal Court had sovereign immunity and could not be held liable for her injuries. Despite this concession, Angel named the Fiscal Court as a party to the appeal. By making the Fiscal Court a party to this appeal, Angel has forced the Fiscal Court to defend itself before this Court and incur legal expenses.

Angel's appeal against the Fiscal Court completely lacks merit and, in light of her attorney's concession to the trial court, appears to have been taken in bad faith. When this matter came before the circuit court, the following exchange took place:

> **Judge Johnson:** Appearing for the Plaintiff is the Honorable Otis Doan; appearing for the Defendant is [sic] the Honorable Larry Bryson and the Honorable Johnny L. Turner. This is here on the motion of the Defendant, or is it the Defendants? I guess there's a joint motion, is it?
>
> **Mr. Bryson:** It's our motion to dismiss, Your Honor.
>
> **Judge Johnson:** Right. To dismiss, the argument being that the Defendants are protected by the doctrine of sovereign immunity.
>
> **Mr. Bryson:** Your Honor, the issue is essentially the same in both the Howard case [10] and the Angel case, if you should want to hear that.
>
> **Judge Johnson:** Yes sir. Now, I think one of these cases involves the Harlan Fiscal Court.
>
> **Mr. Doan:** That's correct.
>
> **Judge Johnson:** And—
>
> **Mr. Doan:** Judge, on behalf of the Harlan Fiscal Court I'll concede sovereign immunity to them.

> **Judge Johnson:** Uh-huh (affirmative). Well, I think the *Malone* case is square on that in the facts.
>
> **Mr. Doan:** That's right.
>
> **Judge Johnson:** So in regard to the Harlan Fiscal Court, the motion is granted as to their dismissal and the same being for the reason that they are protected by sovereign immunity and I think the *Malone* case makes that plain and clear as to a Fiscal Court. Now—
>
> **Mr. Doan:** I wish I could argue against the Fiscal Court, Judge, but you are right. That *Malone* case....

Considering the circumstances of this case, we believe it is appropriate to impose sanctions pursuant to CR 73.02. In numerous instances, this Court has determined that the appropriate sanction for a violation of CR 73.02 is the imposition of attorney's fees against the party who filed the frivolous appeal.[11] Therefore, we impose the sanction of assessing against Angel the Fiscal Court's legal costs associated with this appeal from the beginning to its conclusion, including the cost of preparing its brief and reasonable attorney's fees. We direct the Fiscal Court to submit within fifteen days following rendition of this decision an affidavit detailing the costs it incurred in defending against this appeal. Angel will have ten days thereafter to respond before we fix the amount of the sanctions.

The judgment is affirmed. This action shall remain on the Court's active docket pending imposition of sanctions.

ALL CONCUR.

---

10. *Katherine Marie Howard v. Harlan Co. Bd. of Education,* Court of Appeals No.1998–CA–001819–MR.

11. *See, e. g., Young v. Edward Tech. Group, Inc.,* Ky.App., 918 S.W.2d 229 (1995) (ordering the appellant to pay all of appellee's court costs from the beginning to the end of the appeal); *Lake Village Water Ass'n v. Sorrell,* Ky.App., 815 S.W.2d 418 (1991) (imposing court costs after a local government filed a frivolous appeal).