## Myers v. Myers.

(Decided Nov. 6, 1936.)

EDMONDS & AURANDT for appellant.

NORTHCUTT & NORTHCUTT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On August 27, 1931, Alice Myers sued her husband, J. H. Myers, for a divorce and alimony. He filed an answer and cross-petition denying the allegations of the petition, and asked that he be granted a divorce. At a sitting of the court on October 19, 1931, the following agreed order signed by the parties was entered:

"By consent of the parties hereto it is agreed that the plaintiff is to have the household goods.

"It is agreed that the defendant is to have the property.

"It is further agreed that the defendant is to pay the plaintiff $30.00 per month as alimony.

"It is further agreed that the defendant is to pay the costs of Court herein, including a fee of $100.00 for plaintiff's attorney."

On December 31, 1931, the costs of the action were paid and a judgment was entered granting the wife a divorce. On February 17, 1932, Mrs. Myers moved for a rule against her husband for failure to pay alimony. Defendant appeared in response to the ruling and the hearing was continued until March 7, 1932. The defendant continued to pay the amount fixed in the agreed order until June, 1935, at which time the plaintiff filed motion for another rule. Defendant appeared in response to the rule, and the cause was submitted. On July 31, 1935, plaintiff filed a motion to modify and correct the judgment by inserting therein the agreed order, and also a motion to modify the judgment by making an allowance of alimony. Both motions were overruled, and the wife appeals.

The ruling of the court was correct, but not for the reasons given. The agreed order was not of a tempo-

rary character, but fixed the rights of the parties by giving plaintiff the household goods and the defendant the property, and providing that the defendant should pay the costs of the action and alimony at the rate of $30 a month. The order was signed by the parties and entered of record with the sanction of the court. While not strictly a judgment of the court, it has the force and effect of a judgment, and is as binding on the parties as if rendered after trial on the merits, the only difference being that a judgment by consent is not appealable and can only be vacated in certain circumstances for fraud or want of consent. Karnes v. Black, 185 Ky. 410, 215 S. W. 191; Lodge v. Williams, 195 Ky. 773, 243 S. W. 1011; 15 R. C. L. 646; 34 C. J. 130. That being true, the allowance of alimony may be enforced by rule, and it is not necessary that the agreed order be incorporated in the judgment of divorce, or that any further allowance of alimony be made.

Judgment affirmed.