## Little v. Mann.

June 21, 1946.

662

A. E. Funk, Chat Chancellor, Sarah Chancellor and John Darnell for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On the face of the returns of the November, 1945, election, Asa R. Little had a majority of 6 votes over his opponent, Charles Mann, for the office of County Judge of Menifee County. Mann instituted recount proceedings. As the court neared the end, the parties made an agreement which was entered as a judgment. By it the court adjudged there was a tie vote and that both parties waived the right of having the election settled by casting lots; also that they agreed that the term of four

years should be equally divided, Little to serve the first two and Mann the last two years. The County Board of Election Commissioners were ordered to certify that they had received an equal number of votes and to issue certificates of election to both parties for the respective portions of the full term. The Governor (although not a party) was directed to issue a commission to each of them according to the terms of the judgment. The Board of Election Commissioners obeyed, but the Governor declined to issue the two commissions on the advice of the Attorney General, since the Constitution provides for the election for a term of four years. Some further efforts at compromise under a "gentlemen's agreement" failed. On the certification of the original returns, the Governor issued a commission to Little for the four-year term.

Thereupon Mann filed the present suit in equity in which he alleged, in substance and effect, that the judgment was valid only to the extent that it adjudged each party to have received the same number of votes. He pleaded his readiness and willingness to have the election determined by the casting of lots (see KRS 118.-400), and that the Governor's commission of Little was obtained by fraud and mistake and was void. His prayer was for an injunction restraining Little's qualification and assumption of the office and for an order directing the Board of Election Commissioners to assemble and determine by lot who was elected and then certify the result to the Governor for a proper commission. A temporary injunction was issued without notice. Little ignored it and proceeded to qualify. In answer, Little pleaded that the agreed judgment was void in its entirety and that he had been duly elected, commissioned and qualified.

The judgment in the present case declares that the agreed judgment is valid only to the extent that it adjudges that the parties received an equal number of votes, and directs the election commissioners to assemble and by lot determine which of the candidates was elected. It has been superseded and appealed.

The incidental contentions that the temporary injunction was improperly granted because of the absence of notice and that the case was prematurely tried in vacation seems to be immaterial now. The case was tried as on a motion to dissolve or a motion to make

the injunction permanent, and the judgment was entered at a regular term of court. As we have said, the defendant ignored the temporary injunction, but nothing seems to have been done about it.

There is no dispute by anyone that the agreement and the consequent judgment that there should be a division of the term of office are void and, of course, unenforceable, although entered into in good faith. As it is well said in appellant's brief: ''A public office is not a private melon. It is not to be halved, quartered or otherwise divided as two or more candidates may bargain. If they could take two years about, they could take month about. If they could demand 2 commissions, they could demand 48. If two candidates could parcel a term, a dozen candidates could do so. The public has some interest in some continuity of personnel and in some definite official experience, as fixed by a legal term. At least, as the highest expression of the public policy, Section 99 of the Constitution commands the election of county officers 'who shall hold their offices for four years.' Everybody conceded that neither may a candidate stipulate nor may a court by consent adjudge, the division of a term.''

An agreed judgment is nonetheless a judgment of the court when entered and signed, although it is the consummation of a contract. The terms of the contract are merged into and superseded by the judgment. If that judgment contains a judicial error, it is nevertheless binding on all the parties. Karnes v. Black, 185 Ky. 410, 215 S. W. 191; Turner v. Ewald, 290 Ky. 833, 162 S. W. 2d 181; Wides v. Wides, 300 Ky. 344, 188 S. W. 2d 471. The fact that the consideration for the contract failed cannot be regarded as nullifying the judgment insofar as it is valid. If erroneous, the remedy of the aggrieved party is by timely procedure in the court rendering the judgment or by appeal to this court, subject to the rule that a party will not be permitted to complain on an appeal of a judgment to which he consented, unless it is on the ground of fraud or mistake. Karnes v. Black, supra; Harrel v. Yonts, 271 Ky. 783, 113 S. W. 2d 426. In any event, it cannot be said that the entire consideration in this case failed, for it appears that both parties were afraid to risk the completion of the recount of the ballots, or that it seemed Mann would come out ahead and Little threatened a contest upon the ground

of illegality of a number of votes cast for Mann. The right of recourse to the court and continuing prosecution of the case belonged to the parties. They had the right to agree upon a judgment "that they received as nearly as can be ascertained an equal number of votes" and the court had power to enter that part of it. They are in accord on this point.

The argument is made by the appellant that the judgment is indivisible as between the valid and invalid. There appears to be a difference of opinion among the courts on this question, but we are committed to the view that there may be a separation of a judgment as between what the court had power to render and what it did not. Wayman v. North Kentucky Fair, 290 Ky. 652, 162 S. W. 2d 226.

We concur in the trial court's ruling that it was without power to declare that the parties could and did waive their right to cast lots to determine which of them should have the office. The Judge recites in his memorandum opinion in this case that when the agreed judgment was tendered him he had questioned their right to do so and to divide the term, and calls attention to the fact that he had interpolated the clause which expressly declared the judgment of the court to be that there was a tie and the rest of the judgment merely stated the agreement of the parties. The statute, KRS 118.400, reads: "If the board finds that two or more candidates have received the highest and equal number of votes for the same office, the board shall determine by lot which of the candidates is elected."

This is the right and the duty of the Board of Election Commissioners and not of the parties. Caudill v. Stidham, 246 Ky. 174, 54 S. W. 2d 654, 655. The instances in which we have held that a party could waive certain rights, cited by the appellant, are where the right of choice rested in the party, e. g., to file his certificate of nomination, or fail to qualify for the office, or to resign. These parties could not waive the statutory duty of the officers, and the court exceeded its power and jurisdiction in attempting to give force and effect to such a waiver. They could not by agreement confer jurisdictional power upon the court which it does not possess inherently or by virtue of a statute. Sanford v. Roberts, Sheriff, 193 Ky. 377, 236 S. W. 571; Thompson v. Commonwealth, 266 Ky. 529, 99 S. W. 2d 705.

666

Casting lots is a process established by the statutes and, like many other duties, is imposed upon officers of election. That proceeding has not yet been taken in this election. Therefore, it may not be held that there was no election of either party and a vacancy was created, as the appellant argues alternatively and contingently.

These conclusions lead to but one decision, namely, that the judgment is valid only in adjudging there was a tie vote and nothing more. This suit cannot, therefore, be regarded as the appellant further contends, as an effort to maintain an action to test his title to the office by one who cannot and does not have a claim to it himself, because he waived whatever right he had. Cf. Jenkins v. Congleton, 242 Ky. 46, 45 S. W. 2d 546; Saylor v. Rockcastle County Board of Education, 286 Ky. 63, 149 S. W. 2d 770. The object of the suit is to enforce a right which the plaintiff had acquired under the valid portion of the judgment in the recount proceedings.

We think the court properly directed the County Board of Election Commissioners, who were parties to this suit, to determine the election by lot and to proceed with the performance of the other statutory duties imposed upon them with respect to the certification of the result.

The judgment is affirmed.