## Little v. Mann.

March 11, 1949.

Reid Prewitt and F. C. Bryan for appellant.

Funk, Chancellor & Darnell for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the general election in 1945 the appellant, Asa R. Little, was the Republican candidate for the office of county judge of Menifee County, whilst the appellee, Charles Mann, was the Democratic candidate. On the face of the returns, as canvassed by the county board of election commissioners, the appellant was certified as receiving six more votes than the appellee, Mann. Within the time prescribed by law, and before the first Monday in January, 1946, when whomsoever was elected should take office, Mann filed proceedings for a recount of the vote which was had; but before the recount was finished by the judge the parties agreed that the general election resulted in a tie vote. Pursuant to that agreement the Hon. Bridges White (then judge of the Menifee circuit court and who presided at the recount) entered judgment to the effect that the general election resulted in a tie vote and he further directed that the forthcoming term of the office should be equally divided between the

two candidates-one to serve two years, and the other one for the remaining two years.

Before the recount proceedings in which it was adjudged the election resulted in a tie vote, appellant, who by agreement of the parties was to serve the first two years of the term, applied to the Governor for a commission for his part of the full term, but the Governor held that the parties could not split the full term and then issued a commission to appellant for the full term. After the recount appellant presented his commission from the Governor and on the first Monday in January was sworn into office for the full term. However, the appellee, Mann, on January 4, 1946, three days prior to appellant's taking of office, as recited, filed an equity action in the Menifee circuit court against him, the circuit clerk and the county court clerk seeking an injunction to prevent his being sworn into office, since there had been no casting of lots to determine under the law who was entitled to the office for the forthcoming term. Upon the filing of that petition a temporary restraining order was issued by the judge in accordance with the prayer of the petition, which the court later declined to dissolve on defendant's motion. Therefore, when appellant qualified for the office, by taking the necessary oath on January 7, 1946, he had not only been enjoined from doing so, but had not been determined entitled to the office, since at that time the legal procedure for determining a tie vote had not been complied with. However, when that was later done pursuant to the judgment entered in that equity case, the appellee, Mann, was declared to be the winner of the election and entitled to the office for the entire four years between January 7, 1946, and the first Monday in January, 1950.

Little superseded that judgment and appealed to this court, and we affirmed it in the case of Little v. Mann, 302 Ky. 661, 195 S.W.2d 321. The sureties on Little's supersedeas bond are the other appellants herein. The delay incident to the litigations referred to prevented appellee, and plaintiff below, from taking the office until August 27, 1946, during which time Little collected and appropriated the compensation for the office from the time he was sworn in until the latter date, which amounted to $971.78, and that the portion thereof earned by him

after superseding the judgment aforesaid amounted to $596.78.

This ordinary action was filed by Mann in the Menifee circuit court against Little and the sureties on his supersedeas bond to collect from him the total amount he received before Little was inducted into office ($971.78) and to collect from the sureties, if Little did not pay the full amount he had earned while filling the office, which resulted in a judgment rendered by Hon. John J. Winn, the judge of the Menifee circuit court (he having succeeded Judge White who died in office) as prayed for in appellee's petition, and from that judgment this appeal is taken. For a more complete detail of the facts reference is made to the case of Little v. Mann, supra.

It is argued for reversal of the judgment by appellants' counsel that Little after being installed in office on January 7, 1946, was at least a de facto officer acting in good faith and by color of office, and that at least he was entitled to the compensation earned by him as such up to April 3, 1946, when he executed the supersedeas bond and prosecuted an appeal from the injunction proceedings supra. But the fallacy in that argument is, that appellant, Little, moved for and was installed in office on January 7, 1946, when at that time he had been restrained from taking office by the temporary restraining order issued by Judge White upon the filing of that action. He cannot, therefore, in any sense be considered as acting in good faith, nor by color of office since no casting of lots at that time had been made, thereby destroying his claim of color of title to the office. On the contrary, at that time his status as a candidate for the office had been previously adjudged by the court that he and his opponent had received an equal number of votes and the statutory process by which that situation should be solved had not been followed. Therefore, accepting as true that one acting as a de facto officer in good faith and by color of office is entitled to collect the compensation for the time he served as contended by appellants' counsel, yet the premise upon which the latter bases that contention is entirely absent from the record.

This court as far back as the case of Nall v. Coulter, 117 Ky. 747, 78 S.W. 1110, 1112, 4 Ann.Cas. 671, held that

while the state may not collect the salary paid by it to a de facto officer while serving as such, still the opposing candidate, who was later determined to be duly elected to the office, could collect from such de facto officer the amount of compensation the latter had received under the conditions above stated. In so declaring this court in that case said:

"It is also contended 'that the state, by its officers and agents, wrongfully prevented appellant from discharging the duties of his office for a time, and that the state cannot now be heard to say that appellant during that time neglected his official duty, and therefore must not be paid.' We do not decide that appellant is not entitled to his salary, or that he was guilty of any neglect of official duty, but conclude that his remedy is against the person who received a part of his salary."

That case has not been overruled nor modified by any later one and is in accord with the general rule applicable to such situations. The court therefore properly held that appellee in this action was entitled to recover from Little the amount he received while acting as county judge of Menifee County up to the time the appellee, Mann, was installed therein, which was at the termination of all of the litigations growing out of the contest of the election of county judge of Menifee County at the November, 1945 general election.

The other appellants as sureties on Little's supersedeas bond prevented appellant taking office until appeal from the judgment in the equity case supra could be heard and determined. The amount for which judgment was sought against them was paid to Little from the time they signed that bond until the mandate from this court in the case of Little v. Mann, supra, was filed below, with the proviso that if the full amount of $917.78 should be paid by Little then the judgment against the sureties would become satisfied.

For the reasons stated the judgment is affirmed.