Affirmed and Memorandum Opinion filed April 19, 2007








Affirmed and Memorandum Opinion filed April 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01128-CR

____________

 

KENNETH RAY JUSTICE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 1034667

 



 

M E M O R A N D U M   O P I N I O N

Appellant Kenneth Ray
Justice challenges his conviction for aggravated assault.  He contends the
trial court=s failure to properly instruct the jury during the punishment phase of
trial caused him egregious harm such that the trial was not fair and
impartial.  We affirm.      

I. Background

Appellant
was charged with aggravated assault. During the guilt-innocence phase of his
jury trial, appellant testified that he acted in self-defense.  Appellant
acknowledged that he previously had been convicted of unlawfully carrying a
weapon, robbery, and assault (reduced from aggravated assault with a deadly
weapon).  The jury rejected appellant=s assertion of self-defense and found
him guilty of aggravated assault.  

At the
beginning of the punishment phase, the State re-offered all evidence from the
guilt-innocence phase.  In addition, the State introduced appellant=s stipulation to the convictions he
had acknowledged in the guilt-innocence phase as well as other convictions for
assault, driving while his license was suspended, and two convictions for
injury to a child.  The State also introduced as evidence the seven judgments
for the convictions to which appellant had stipulated.[1] 
In charging the jury during the punishment phase, the trial court did not did
not give an instruction that any extraneous offense or bad act allegedly
committed by appellant must be proven beyond a reasonable doubt.  The jury
assessed punishment at sixty years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.

                                                      II. Issue and Analysis

 In his
sole issue, appellant asserts that he suffered egregious harm because the trial
court did not instruct the jury in the punishment phase that any extraneous
offenses or bad acts he was alleged to have  committed must be proved beyond a
reasonable doubt. See Tex. Code
Crim. Proc. Ann. art. 37.07 ' 3(a) (Vernon Supp. 2005).  In
assessing this issue, we first determine whether the jury charge contains
error.  See Hutch v. State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). 














In
urging his argument that the trial court erred in failing to give the
reasonable-doubt instruction, appellant acknowledges the Bluitt case, in
which the Court of Criminal Appeals held that a reasonable-doubt instruction is
required only for unadjudicated offenses and bad acts, not for convictions.  See
Bluitt v. State, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004). Appellant
asserts that Bluitt should not govern this case because (1) the
stipulation of evidence appellant signed characterized one of his convictions
as Ainjury to a child,@ but the trial court in the
underlying case stated in its judgment that appellant was convicted of Arecklessly causing bodily injury@; and (2) the prosecutor in her
closing argument allegedly mischaracterized appellant=s convictions and the facts
surrounding them.  Though statements made in closing arguments are not
evidence, appellant claims the prosecutor=s alleged mischaracterization of his
convictions during closing argument amounted to allegations of unadjudicated
extraneous offenses,[2] and
therefore, the trial court was required to give a reasonable-doubt
instruction.  See Tex. Code Crim.
Proc. Ann. art. 37.07 ' 3(a); see also Huizar v. State, 12 S.W.3d 479,
484 (Tex. Crim. App. 2000).  This argument lacks merit. If evidence of
unadjudicated extraneous offenses or bad acts is admitted during the punishment
phase, then the trial court must sua sponte instruct the jury that these
alleged  offenses or bad acts must be proven beyond a reasonable doubt.  See
Tex. Code Crim. Proc. Ann. art.
37.07 ' 3(a); Huizar, 12 S.W.3d at
484.  Inconsistencies in the evidence as to the  nature of a prior conviction
or a mischaracterization of the evidence regarding prior convictions during
closing argument does not trigger this duty.  See Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a); Bluitt, 137 S.W.3d at
53B54.  Thus, because neither an
inaccurate description of a prior conviction in a stipulation nor allegedly
baseless statements regarding prior convictions made during closing argument
constitute evidence of unadjudicated offenses or bad acts, the trial court was
not required to give a reasonable-doubt instruction. Likewise, under Bluitt,
no such instruction was necessary for the seven prior convictions comprising
the punishment-phase evidence.  See Bluitt, 137 S.W.3d at 53B54. Therefore, we conclude there was
no charge error, and we need not conduct a harm analysis.

Accordingly,
we overrule the appellant=s sole issue on appeal and affirm the trial court=s judgment. 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed April 19,
2007.

Panel consists of Justices Frost, Seymore, and Guzman.

Do Not PublishC Tex. R. App. P.
47.2(b). 









[1]  In one of the judgments, the trial court states that
appellant is convicted of Arecklessly
causing bodily injury,@ which appears to refer to assault. See Tex. Pen. Code ' 22.01(a)(1) (Vernon 2003).  However, in the
stipulation of evidence, the parties refer to this conviction as one for Ainjury to a child.@





[2]  Appellant did not voice any objections during the state=s closing argument in the
punishment phase, nor did he ever seek to withdraw or correct the stipulation
he had approved in the trial court.   By failing to do so, appellant waived
these complaints.  See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996); Moreno v. State, 195
S.W.2d 321, 328B29 (Tex. App.CHouston
[14th Dist.] 2006, pet ref=d). Moreover,
appellant has not assigned error on these points. His sole issue on appeal is
charge error.