Anne Cornn BROWNING, Appellant,

v.

Jeann CORNN, Appellee.

No. 2006–CA–002528–MR.

Court of Appeals of Kentucky.

Nov. 16, 2007.

As Modified to Designated for Publication Nov. 21, 2007.

Gerald L. Greene, Pineville, KY, for Appellant.

Jeffery W. Helton, Pineville, KY, for Appellee.

Before COMBS, Chief Judge; ACREE, Judge; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge.

This is an appeal from a supplemental judgment of the Bell Circuit Court which awarded Jean[2] Cornn the amount of $2,000.00 plus interest to cover the cost of a carpet and some furniture which her sister, Anne Cornn Browning, had undertaken to return to her pursuant to an earlier agreed judgment. Anne argues that the circuit court lacked subject matter jurisdiction and, in the alternative, that she was not liable for the loss or theft of the carpet and furniture. Having reviewed the record and relevant case law, we affirm.

This case arose from a dispute between Anne and Jean over items they inherited from their late mother, Ann Creech Cornn, who died on July 4, 1994. In 1988, Ann Creech Cornn had conveyed the family residence in Pineville to her daughters as tenants in common. Under the terms of her will, the estate, which consisted of the contents of the house, as well as some cash

---

1. Senior Judge Michael Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. The appellee's first name is spelled "Jeann" on the notice of appeal, but "Jean" in the briefs and in the record. We have adopted the latter spelling in this opinion.

and securities, was to be divided equally between Anne and Jean. For years, Anne had resided with her mother in the Pineville house, while Jean lived in an apartment in Atlanta, Georgia, where she was employed. Jean occasionally visited her mother and sister in Pineville. After their mother's death, this arrangement continued, with Anne living in the Pineville house and Jean in her apartment in Georgia. Jean maintained a bedroom, storage room and garage addition at the house, all of which were kept padlocked. The estate was informally settled in 1995, with Jean serving as the executrix. The order of the district court accepting the informal settlement stated that each beneficiary had "received his or her respective share of the net assets of the Estate of Ann Creech Cornn."

Disputes arose between the two sisters following their mother's death, largely over Jean's allegations that Anne was not paying her share of the property taxes and the costs of various improvements and repairs to the home. Finally, in 2004, Jean filed a partition action against Anne seeking a judicial sale of the property. By this time, Anne was an invalid, confined to a wheelchair and requiring around-the-clock nursing care. Anne decided to convey her interest in the Pineville property to Jean, and move to a single-story house nearby. When Anne moved, she took with her all of the household furnishings, except for the items in Jean's padlocked rooms. Jean then filed a complaint in Bell Circuit Court against Anne, alleging conversion and claiming that she was entitled to one half of the furnishings. Anne responded that the court was without subject matter jurisdiction to entertain the action, which she characterized as an attempt to reopen the estate settlement. Anne contended that Jean had already removed her one-half share of their mother's estate to her apartment in Atlanta in the form of small items

of silver, china, crystal and jewelry. The action was scheduled for trial, but in August 2006 the parties agreed to settle. On August 24, 2006, the Bell Circuit Court entered a judgment stating that the parties had announced at a hearing that they had entered into an agreement concerning the division of the personalty. A description of the items to be awarded to Jean was listed in the judgment. Two days later, Anne submitted a motion to alter, amend or vacate the judgment, claiming among other things that a pink Karastan carpet and a set of dining furniture on the list were not in her possession and that to the best of her knowledge, had been left at the Pineville home. Her motion also claimed that her counsel had not been given adequate opportunity to review the agreed order.

A lengthy hearing was held on the motion, following which the court determined that Jean had presented sufficient evidence to convince the court that Anne, as a gratuitous bailee, had failed to exercise the appropriate degree of care in the safekeeping of the carpet and dining furniture. The court held that the judgment of August 24, 2006 had not been satisfied and awarded Jean damages in the amount of $500.00 for the carpet and $1,500.00 for the furniture, for a total of $2,000.00 plus the costs of the action with interest at a rate of 12% per annum. This appeal followed.

■■■ Anne's first argument is that the Bell Circuit Court was without jurisdiction to entertain the underlying action because it was a collateral attack on the estate settlement of 1995. Anne contends that the language of the informal settlement stating that she and her sister had each received her respective share of the estate precludes Jean from now claiming ownership of any of the furniture in the house. We disagree. Jean's claim of conversion

was not an attempt to reopen the settlement agreement or to challenge its validity; it was never disputed that each sister was entitled to one half of their mother's estate. Jean filed suit in order to recover her half of the personalty which she maintained she had kept in the Pineville house. We do not interpret the language of the estate settlement to mean that Jean was required to remove physically her share of the assets from the home, especially since she was undisputedly a co-owner of that home and had been for years prior to the mother's death. As Jean has argued, the settlement of an estate does not necessitate physical removal of personal property by the beneficiary or recipient. The Bell Circuit Court therefore had subject matter jurisdiction over Jean's claim, whatever its merits.

Anne's second argument is that, even if she were the gratuitous bailee of Jean's property as the trial court found, her duty was to exercise only slight care over the items in question, and that she was liable to Jean for damages resulting only from gross neglect or bad faith.

Jean maintains that this was not a bailment situation at all, but rather an action to enforce a judicial decree based on a settlement.

> The $2000.00 judgment granted to appellee represented the value of items that the appellant agreed to give the appellee pursuant to the parties' settlement and then failed to deliver. When these parties settled and entered a voluntary agreement ... to deliver the ... furniture and ... carpet, the appellant then fell under a judicial obligation, not a bailor/bailee obligation. The appellant completely ignores the fact that she agreed to give the appellee these items as part of the settlement[.]

Brief for the Appellee, p. 15.

■ We agree with this characterization. Generally, a consent judgment is not subject to appellate review, although it may be attacked collaterally:

> An agreed judgment is nonetheless a judgment of the court when entered and signed, although it is the consummation of a contract. The terms of the contract are merged into and superseded by the judgment. If that judgment contains a judicial error, it is nevertheless binding on all the parties. The fact that the consideration for the contract failed cannot be regarded as nullifying the judgment insofar as it is valid. If erroneous, the remedy of the agreed party is by timely procedure in the court rendering the judgment or by appeal to this court, subject to the rule that a party will not be permitted to complain on an appeal of a judgment to which he consented, unless it is on the ground of fraud or mistake.

*Little v. Mann,* 302 Ky. 661, 664, 195 S.W.2d 321, 323 (Ky.1946) (internal citations omitted).

■ Anne's motion to alter, amend, or vacate was therefore valid only insofar as it was a collateral attack on the validity of the agreed-upon judgment on the grounds of fraud or mistake. In the motion, Anne alleged that her counsel was given insufficient opportunity to review the judgment before its entry by the court.

The record of the settlement hearing held on August 23, 2006, shows that counsel for the appellant heard and approved of every item that was read into the record and later memorialized in the agreed judgment. The trial court later held a lengthy hearing on October 30, 2006, to gather evidence relating to Anne's motion to alter, amend, or vacate the judgment. It found no evidence that the agreed judgment was invalid due to either fraud or mistake. Its determination that Anne had failed to com-

ply with the agreed judgment and owed Jean $2,000.00 plus interest was supported by substantial evidence and will not be disturbed on appeal.

For the foregoing reasons, the judgment of the Bell Circuit Court is hereby affirmed.

ALL CONCUR.