**Jack STOECKLIN, Appellant,**

v.

**RIVER METAL RECYCLING, LLC, Appellee.**

No. 2011–CA–000951–MR.

Court of Appeals of Kentucky.

June 15, 2012.

Eric C. Deters, Independence, KY, for appellant.

Wm. T. Robinson, III, Philip J. Schworer, Michael E. Nitardy, Florence, KY, for appellee.

Before TAYLOR, Chief Judge;
KELLER and THOMPSON, Judges.

## OPINION AND ORDER

THOMPSON, Judge:

Jack Stoecklin filed this nuisance action against River Metals Recycling, LLC (RMR). Because Stoecklin filed a motion to voluntarily dismiss his claim with prejudice, we hold that his appeal from the Campbell Circuit Court's order granting his motion must be dismissed.

*The substantive facts underlying Stoecklin's nuisance claim are not pertinent to our decision. Our decision turns on the procedural facts.*

On May 12, 2010, the circuit court ordered that Stoecklin identify his expert witnesses and submit their reports on or before July 23, 2010. On July 2, 2010,

Stoecklin filed a motion for extension of time of the disclosure deadline. An agreed order was entered extending the deadline to August 12, 2010. On August 12, 2010, Stoecklin filed his expert witness disclosures and reports identifying Robert Smith, P.E. and Patrick A. Knoll, P.E. of Alt & Witzig Engineering, Inc.

On September 28, 2010, six weeks after the disclosure deadline, and after naming two experts and submitting their reports, Stoecklin submitted an additional expert report authored by Donald T. Roenker to RMR. On October 7, 2010, RMR filed a motion to exclude Roenker as an expert witness because he was not identified prior to the expiration of the disclosure deadline. After Stoecklin responded, the circuit court granted RMR's motion. The matter was set for a jury trial to commence on July 18, 2011.

Although Stoecklin had identified two expert witnesses, he believed that without Roenker's testimony he would not succeed on the merits. Therefore, he filed a motion to dismiss the claim without prejudice. In response, RMR argued that if granted, a dismissal without prejudice would allow Stoecklin to file a second nuisance claim against RMR. It contended that it would be unduly prejudiced by the time and expense of a second action.[1] The circuit court denied Stoecklin's motion.

▌ Convinced that he would not succeed on the merits without Roenker's testimony, Stoecklin made an unusual strategic decision: He filed a motion to dismiss with prejudice. After Stoecklin's motion was granted, he appealed from the order granting his motion for voluntary dismissal with prejudice.[2] Therefore, the threshold

---

**1.** Stoecklin's motion was filed well after RMR's answer was filed. Therefore, CR 41.01(1) did not apply, and its provisions ap-

plicable to voluntary dismissals without prejudice did not apply.

**2.** Stoecklin incorrectly states in his brief that he appeals from the December 6, 2010, order

issue is whether Stoecklin can appeal from the order granting his motion to voluntarily dismiss his claim with prejudice.

■ We conclude that Stoecklin's attempt to self-expedite the appellate process cannot succeed.

It is a universal rule regulating the right of an appeal that it will not lie in favor of a party unless it was an involuntary adverse judgment. If the judgment appealed from was rendered at the instance of the complaining parties or by their consent, they will not be permitted to complain upon an appeal.

*Harrel v. Yonts,* 271 Ky. 783, 113 S.W.2d 426, 430 (1938).

An exception to the rule cited is where a voluntary dismissal was sought to expedite review of a prior order that effectively dismissed the complaint. *Raceway Properties, Inc. v. Emprise Corp.,* 613 F.2d 656, 657 (6th Cir.1980).

Stoecklin contends that because he believed he could not meet his burden of proof without Roenker's testimony, the exclusion of Roenker as an expert witness was tantamount to a summary judgment in RMR's favor or an involuntary dismissal. As authority, he cites *Ward v. Housman,* 809 S.W.2d 717 (Ky.App.1991).

In *Ward,* this Court held that because the trial court denied the plaintiff's request to name an expert after the disclosure deadline and subsequently entered summary judgment, the trial court effectively involuntarily dismissed the plaintiff's medical malpractice action as a sanction. Our trial courts were instructed that summary judgment is not to be used as a sanctioning tool for failure to comply with disclosure deadlines. *Id.* at 719.

The present case is markedly distinguishable from *Ward* and those cases where summary judgment or an involuntary dismissal order was entered because of the failure to comply with disclosure deadlines. In *Ward,* the trial court's order precluded the plaintiff from presenting a medical expert witness in her medical malpractice action. Because the plaintiff could not survive a directed verdict without an expert, the trial court's action was a "death sentence" to the action. *Id.* at 720, In contrast, before Stoecklin filed his motion to dismiss, his case was very much alive and scheduled for trial with experts prepared to testify. Despite his insistence that he could not succeed on the merits without Roenker as a third expert, Stoecklin has not offered this Court even a hint as to the content of Roenker's expert testimony or why this particular expert was so crucial that his absence meant certain "death" for his claim.

It is apparent that Stoecklin believed his chance of success at trial was much greater if Roenker testified and that he further believed that the trial court erred when it excluded Roenker as an expert. He was so convinced that he voluntarily dismissed his claim with prejudice to expedite the appellate process and filed an immediate appeal for the purpose of review of the trial court's order excluding Roenker as an expert. Unfortunately, he did so without a right to appeal from an order that was not involuntarily adverse to his claim.

Based on the foregoing, it is hereby ORDERED that the appeal is dismissed.

ALL CONCUR.

granting RMR's motion to exclude Roenker's report and testimony. His notice of appeal

states that the appeal is from an April 26, 2011, order dismissing with prejudice.