RENDERED: APRIL 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0204-MR

TYRONE GLENN AND FLAGSTONE                  APPELLANTS
HOME IMPROVEMENTS, LLC

                APPEAL FROM JEFFERSON CIRCUIT COURT
v.           HONORABLE ANN BAILEY SMITH, JUDGE
                ACTION NO. 16-CI-001620

AGNES MARIE MUCKER                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KRAMER, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Tyrone Glenn and Flagstone Home Improvements, LLC, (collectively referred to as appellants) bring this appeal from a January 14, 2019, Agreed Judgment between Agnes Marie Mucker and appellants in settlement of injuries Mucker incurred from a dog bite. We affirm.

Tyrone Glenn is the sole owner of Flagstone Home Improvements, LLC, (Flagstone). Flagstone owned residential real property located at 2325 West

Oak Street, Louisville, Kentucky. On July 3, 2015, Flagstone leased the subject property to Laneisha Wiley. Wiley, her children, and Wiley's boyfriend, Kenric Rogers, resided at the leased property. Pursuant to the lease agreement, no pets were allowed on the property.

A few months after Wiley entered into the lease, a maintenance man working for Flagstone was on the property trimming trees. Two dogs belonging to Rogers apparently escaped from Wiley's residence and attacked the maintenance worker. The worker reported the attack to Glenn, and a report was also made to Louisville Metro Animal Control. A day or two later, Glenn contacted Wiley about the incident and told her to remove the dogs from the leased property. Wiley responded that she intended to euthanize the two dogs. A few days later, Glenn again contacted Wiley, and she reported the dogs had been euthanized. The following day, Glenn drove by the property and did not see any indication that dogs were present on the property.

About a week later, on October 6, 2015, Glenn received a letter from an attorney stating that his client, Mucker, had been attacked by a dog upon the property leased to Wiley. Glenn contacted an attorney, and the attorney hired an investigator. The investigator went to the leased property and spoke with Wiley. Wiley admitted the dogs had not been euthanized and were still being kept on the property. Thereafter, Glenn went to the property and spoke with Wiley and

Rogers. While the conversation was apparently brief, Wiley and/or Rogers acknowledged the dog had bitten a second person, Mucker. On December 1, 2015, Glenn filed a forcible detainer action against Wiley and the other occupants of the home. A writ for eviction was granted on December 17, 2015.

On April 7, 2016, Mucker filed an action in the Jefferson Circuit Court against Glenn and Rogers. Therein, Mucker alleged that Glenn and Rogers were liable to Mucker for her injuries from the dog bite. Glenn filed an answer to the complaint, a cross-claim against Rogers, and a third party complaint against Wiley. Mucker subsequently filed an Amended Complaint, on June 23, 2016, and named Flagstone and Wiley as additional defendants.

On August 15, 2018, Mucker filed a motion for summary judgment on the issue of liability. Therein, Mucker asserted that Glenn was strictly liable for her injuries from the dog bite pursuant to Kentucky Revised Statutes (KRS) 258.990(2) and 285.095(5). By order entered November 6, 2018, the circuit court summarily denied Mucker's motion for summary judgment without addressing the issue of strict liability.

Then, on December 13, 2018, Mucker filed a motion seeking a declaration by the circuit court regarding which version of KRS 258.095 was applicable to the facts of this case. Mucker asserted the version of KRS 258.095 in effect at the time of the dog bite applied and, thus, created strict liability for Glenn

-3-

and Flagstone. On the other hand, Glenn and Flagstone asserted that the version of KRS 258.095, as amended effective June 29, 2017, applied retroactively and thus relieved them of any liability.

By order entered December 18, 2018, the circuit court agreed with Mucker that the version of KRS 258.095 in effect at the time of the dog bite was applicable. And, the circuit court determined that the 2017 amendment to KRS 258.095 would not apply retroactively. In light of the circuit court's ruling, the parties ultimately reached a settlement agreement. By Agreed Judgment entered January 14, 2019, it was agreed that Glenn and/or Flagstone would pay to Mucker $30,000 in settlement of her claims against them.[1] This appeal follows.

Appellants assert that the circuit court erred by concluding that the June 29, 2017, amendment to KRS 258.095 was inapplicable. Mucker responds that the January 14, 2019, Agreed Judgment was reached by agreement of the parties in settlement of their dispute and therefore is not an appealable order.

It is well established that agreed judgments are not subject to appeal absent fraud or mistake. *Little v. Mann*, 195 S.W.2d 321, 323 (Ky. 1946). More specifically, as stated in *Harrel v. Yonts,* 113 S.W.2d 426, 430 (Ky. 1938), and

---

[1] By this point, both Laneisha Wiley and Kenric Rogers had disappeared and were not capable of being served. It was also believed that Wiley and Rogers were likely judgment proof. By Order of Dismissal entered January 14, 2019, Wiley and Rogers were dismissed as parties without prejudice.

more recently adopted in *Stoecklin v. River Metal Recycling, LLC*, 370 S.W.3d 527, 529 (Ky. App. 2012):

> It is a universal rule regulating the right of an appeal that it will not lie in favor of a party unless it was an involuntary adverse judgment. If the judgment appealed from was rendered at the instance of the complaining parties or by their consent, they will not be permitted to complain upon an appeal.

In this case, the January 14, 2019, Agreed Judgment was reached by agreement in settlement of the claims asserted by Mucker. Appellants obviously weighed the potential risks of going forward and decided that a settlement of the claims was in their best interests. As the Agreed Judgment was reached by their consent and in settlement of this case, appellants are barred from appealing the Agreed Judgment. *See Stoecklin*, 370 S.W.3d at 529; *Little*, 195 S.W.2d at 323.

Any remaining issues are moot or without merit.

For the foregoing reasons, the January 14, 2019, Agreed Judgment is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Maureen Sullivan
Louisville, Kentucky

BRIEF FOR APPELLEE:

A. Neal Herrington
Christopher H. Morris
Louisville, Kentucky