RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1654-MR


JENNIFER J. DUNLAP A/K/A
JENNIFER FARAJ                                                APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 17-CI-02875


JOHN R. COWAN                                                  APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

CLAYTON, CHIEF JUDGE: Jennifer J. Dunlap, a/k/a Jennifer J. Faraj

("Dunlap"), appeals *pro se* from the trial court's denial of her Kentucky Rule of

Civil Procedure (CR) 60.02 motion to vacate a default judgment, agreed amended

judgment, and order regarding garnishment compliance entered against her by the

Fayette Circuit Court. After review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arose from a civil action in which John R. Cowan ("Cowan") sought damages against Dunlap for losses resulting from Dunlap's alleged acts of theft and fraud. In his initial August 2017 complaint, Cowan claimed that Dunlap had unlawfully altered and negotiated checks on his bank account, unlawfully used his debit card without permission, stolen several thousand dollars in cash and five classic guitars from his residence, and damaged his Porsche 911 Carrera when she drove it without his permission.

After repeated warnings and admonitions from the trial court, the trial court *sua sponte* issued an order sanctioning Dunlap under CR 37.02(2)(c) for "abus[ing] the discovery process." The trial court found that Dunlap had, willfully and in bad faith, failed to comply with certain discovery requests, held her in contempt of court, and entered a default judgment against her in the total amount of $29,874.23 on February 5, 2018 (the "Default Judgment"). Specifically, the trial court found that "throughout the pendency of this matter, [Dunlap] has abused the discovery process, and continues to abuse the process despite warnings from the Court; and, . . . that imposition of Default Judgment against her as a further sanction under CR 37.02 is appropriate given the seriousness of [Dunlap's] non-compliance."

Dunlap filed a timely motion to reconsider the Default Judgment. The trial court took the motion to reconsider under advisement and encouraged the parties to work out a payment agreement to satisfy the Default Judgment. Thereafter, the parties – both through counsel – entered into an agreed amended judgment (the "Agreed Amended Judgment") stipulating, among other things, that Dunlap would pay Cowan $300 per month towards satisfaction of the amounts due under the Default Judgment.

Thereafter, on June 22, 2018, Cowan filed a motion for garnishment alleging that Dunlap had failed to comply with the parties' agreed payment schedule as set forth in the Agreed Amended Judgment. Cowan's motion also alleged that Dunlap Investments, LLC ("Dunlap LLC"), a company in which Dunlap owned a 25% membership interest, had failed to comply with a garnishment order served upon the company.

The trial court subsequently issued an order directing Dunlap LLC's agent to show cause why the company should not be held in contempt for not complying with the garnishment order. In August 2018, Dunlap LLC, by counsel, entered into an agreed order that the company would comply with the garnishment order.

On September 5, 2018, Dunlap filed a *pro se* "Motion to Vacate and Set Aside, Per Rule 60.02" (the "CR 60.02 motion"). The trial court subsequently

denied Dunlap's motion after a hearing, ruling "[t]he arguments made in [Dunlap's] motion are merely recitations of arguments she previously made to this [c]ourt." This appeal followed.

## ANALYSIS

On appeal, Dunlap first argues that the trial court abused its discretion when it failed to hold an evidentiary hearing before deciding the outcome of her CR 60.02 motion. Dunlap argues that the court relied on alleged misrepresentations of fact that Cowan submitted to the court in his initial complaint when the trial court chose to deny her CR 60.02 motion, and that an evidentiary hearing would have unearthed those misrepresentations.

Pursuant to CR 60.02, a "court may, upon such terms as are just, relieve a party . . . from its final judgment, order, or proceeding[.]" Relief under CR 60.02 is "an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief." *Harris v. Commonwealth*, 296 S.W.2d 700, 701 (Ky. 1956). CR 60.02 is not a "second bite at the apple." *Alvey v. Commonwealth*, 648 S.W.2d 858, 860 (Ky. 1983). A movant filing a CR 60.02 motion bears the burden of proving why he or she is entitled to such "special,

extraordinary relief" not available in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

The standard of review when a trial court chooses to deny relief under CR 60.02 is abuse of discretion. *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454, 456 (Ky. 2002). As discussed by the Kentucky Supreme Court, "CR 60.02 addresses itself to the broad discretion of the trial court and for that reason, decisions rendered thereon are not disturbed unless the trial judge abused his/her discretion." *Id*. (citation omitted).

We agree with Cowan in questioning whether Dunlap's argument that she was entitled to an evidentiary hearing has been properly preserved for our review. Nevertheless, we find that this assertion can be easily rejected as, contrary to Dunlap's claim, the language of CR 60.02 makes no mention of any requirement for a trial court to hold an evidentiary hearing. Further, Dunlap has provided us with no Kentucky decision that has held such an evidentiary hearing to be required. Rather, many decisions specifically establish that there is no right to such a hearing, especially where – as in this case – one was not requested. *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999). Rather, "[t]he decision to hold an evidentiary hearing is within the trial court's discretion[.]" *Id*. Moreover, the record indicates that the trial court did hold a hearing on Dunlap's CR 60.02 motion and entered into a dialogue with Dunlap indicating that he had read her

motion and had concluded that there was no legal basis for same. Thus, we find no abuse of discretion and affirm as to this issue.

Dunlap next argues that the pre- and post-judgment interest rate contained in the Agreed Amended Order violated Kentucky law. However, under Kentucky law, "[g]enerally, a consent judgment is not subject to appellate review, although it may be attacked collaterally[.]" *Browning v. Cornn*, 240 S.W.3d 671, 674 (Ky. App. 2007). Indeed, "a party will not be permitted to complain on an appeal of a judgment to which he [or she] consented, unless it is on the ground of fraud or mistake." *Little v. Mann*, 302 Ky. 661, 664, 195 S.W.2d 321, 323 (1946) (citations omitted). This Court has previously opined that "[i]t is elementary that a judgment entered by consent or agreement of the parties is not the judgment of the court, except in the sense the court allowed it to be recorded." *Boone v. Ohio Valley Fire & Marine Ins. Co.'s Receiver*, 246 Ky. 489, 55 S.W.2d 374, 375 (1932) (citation omitted).

Further, Dunlap's only allegations related to fraud or mistake as related to the Agreed Amended Judgment was that it was unfair and that there were no negotiations between the parties. However, Dunlap has not provided a single citation to the record or any other evidence of fraud or mistake surrounding the Agreed Amended Judgment. Thus, we find no error as to this issue.

Lastly, Dunlap argues that her constitutional rights to due process and equal protection were violated because, at times during the pendency of the underlying litigation, the trial court signed and entered orders which she had not been presented with beforehand. Specifically, Dunlap argues that Fayette Circuit Court Local Rule ("RFCC") 19 states that "[w]henever any ruling is made or opinion rendered, an order or judgment in conformity therewith shall be attested by counsel for all parties thereto as being in conformity to the ruling or opinion, and shall be presented to the [c]ourt." Nevertheless, the rule further states that RFCC 19 is not required where an order is entered against a party who is not represented by counsel. In this case, Dunlap does not specify the judgments and orders to which she is referring, and the record indicates that Dunlap was only represented by an attorney during certain parts of the litigation. Thus, Dunlap has not proven that RFCC 19 required such orders or judgments to be attested to as previously described. Moreover, Dunlap fails to explain how the foregoing resulted in any violation of her constitutional rights. Thus, we find no error and affirm.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Fayette Circuit Court denying Dunlap's CR 60.02 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jennifer J. Dunlap a/k/a Jennifer Faraj,
*pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Gerry L. Calvert, II
Lexington, Kentucky